**UNITED STATES of America,**
**Plaintiff,**

v.

**Albert George FOUTS, George C. Moran, and Virgil Summers, Defendants.**

**Cr. No. 2182.**

United States District Court
S. D. Ohio, W. D.

May 9, 1958.

Jack H. Patricoff, Raymond A. White, Dayton, Ohio, for Virgil Summers.

Robert C. Knee, Dayton, Ohio, for Albert G. Fouts.

Hugh K. Martin, U. S. Atty., H. Donald Hawkins, Asst. U. S. Atty., Dayton, Ohio, for the United States.

CECIL, District Judge.

The defendants, Albert George Fouts and Virgil Summers, were jointly indicted in this Court under Case No. 2182. Their appeals in the United States Court of Appeals for the Sixth Circuit were docketed separately, No. 13,158, Albert George Fouts vs. United States of America, and 13,159, Virgil Summers vs. United States of America.

These cases are now before this Court on mandates from the United States Court of Appeals for the Sixth Circuit, under date of April 3, 1958. The mandates read as follows:

> "It is now here ordered and adjudged by this Court that this cause be and the same is hereby remanded to the district court for findings of fact, concerning, solely, a determination of the issue of whether or not the defendant has waived his right to a speedy trial."

These mandates are in pursuance to an opinion of the Court of Appeals, the printed copy of which is dated February 4, 1958, 253 F.2d 215, 218. In the last paragraph of this opinion it is stated: "We find ourselves unable to review adequately the issue of waiver in the present state of the record. There is no evidence before us that these defendants had knowledge of the federal indictments pending against them. Accordingly, we think that justice will be served by remanding these cases to the district court for findings of fact concerning, solely, a determination of the issue of whether or not these defendants have waived their right to a speedy trial".

Subsequently, counsel for the defendants filed a motion in the Court of Appeals for a clarification of the language

of this opinion. In an order of March 27, 1958, the Court of Appeals determined that the language was sufficiently clear and denied the motion. In the final paragraph of this order the Court concluded: "In the circumstances, *the United States District Court will determine the question of waiver* as promptly as conveniently may be done." (Emphasis added.)

Pursuant to these mandates, this Court held a hearing on April 22, 1958, at which time oral testimony was submitted on behalf of the Government and of the defendants. Previous to the hearing, this Court ordered the defendant Virgil Summers to be returned to Dayton in sufficient time ahead of the hearing that his counsel might confer with him. Both defendants were present in the court room at the time of the hearing.

At the hearing the Government offered in evidence Exhibit A, which purports to be a copy of a letter written to the defendant Fouts on December 7, 1953 by an attorney, James C. Britt of Columbus, Ohio. Counsel for the defendant Fouts objected to the introduction of this letter on the ground that it was a privileged communication between the defendant and his attorney. It was stipulated between counsel that if the Court held the letter to be admissible, no objection would be made as to the form in which it was presented.

The competency of this exhibit was urged by the Government on two grounds; first, as evidenced by the stipulation that incoming and outgoing mail of the defendant Fouts was read and censored by officers of the Ohio Penitentiary, where the defendant was incarcerated; secondly, the portion the Government claimed to be admissible was merely a report concerning a public document, the indictment in this instance. The Court reserved ruling on the admissibility of this letter until the attorneys for the parties could submit authorities.

The Court now rules that this letter is incompetent. The censorship of the mail was an essential requirement of the institution. It was necessary that the institution maintain such control, not only to insure the security of this particular prisoner, but for the general protection of the public and all inmates of the institution. The Court, therefore, does not regard this as an exception to the privileged relationship between attorney and client because of the presence or knowledge of a third person concerning the contents of the letter. The Court does consider that the letter constituted a confidential relationship between attorney and client and was privileged by reason thereof. The evidence contained in this letter is of no great importance since it would be cumulative and the date, December 7, 1953, is so near the time of release of the defendant that knowledge of the defendant as of that date would be of little, if any, avail to the Government.

The really pertinent testimony offered at the hearing was that of William H. Jahn, Jr., an F. B. I. agent. The testimony of Captain Paul G. Hudson, Dr. Robert W. Halliday and Roy E. Harmony, offered by the Government, did not tend to show that the defendants had knowledge of the indictment in the within case at or near the date of its return.

The witness Jahn testified that in February, 1947, he visited the defendants Summers and Fouts in the Ohio State Penitentiary and interviewed each one of them separately. In these interviews, he informed the defendants that they had been indicted in this Court in December, 1946, for the burglary of the Ansonia Bank on the night of November 8 and 9, 1945. The defendants did not discuss with Mr. Jahn the substance of the offense charged in the indictment, although that was apparently the purpose which took him to the penitentiary. Mr. Jahn reports that Mr. Summers stated "that he was not going to make any move, that he was willing to wait; he wanted to wait and see just what occurred in these matters". At the time of the interview with Mr. Summers, Mr. Jahn also discussed another offense or offenses with him. This testimony is un-

contradicted. The defendants, although present in the court room, did not take the witness stand to testify or deny the statements of Mr. Jahn.

From this testimony, the Court finds as a matter of fact that the defendants Fouts and Summers knew in February, 1947, that they had been indicted in December, 1946, for the Ansonia Bank burglary, occurring on the night of November 8 and 9, 1945. The Court also finds as a matter of fact that the defendants never requested a trial or raised any questions about the pending indictment.

The record in this case discloses that on January 7, 1957, the Assistant United States Attorney and the attorneys for the defendants entered into a stipulation of facts pertaining to the motions of the defendants to dismiss, for the reason that they had not had a speedy trial. A further stipulation of facts was entered into by counsel and filed on March 19, 1957.

This Court adopts all the facts as stated in the stipulations to which reference has just been made and makes the facts therein stated a part of its Findings of Facts in carrying out the mandates of the Court of Appeals.

In support of the conclusions hereinafter stated, the Court makes reference to the following facts:

On July 6, 1946, Albert George Fouts and Virgil Summers, the defendants herein, were arrested on a warrant charging them with armed robbery in Montgomery County, Ohio. (This was an offense against the State of Ohio and is in no way connected with the Ansonia Bank burglary, a Federal offense, with which the defendants are charged in this case.) They were arraigned and tried in the Common Pleas Court, Montgomery County, Ohio, the trial lasting from August 14, 1946 to August 26, 1946. They were found guilty and on August 27, 1946, as a result of the conviction they were incarcerated in the Ohio Penitentiary at Columbus, Ohio. The defendant Fouts was released from this imprisonment September 20, 1956, and the defendant Summers was released November 8, 1956.

It is stated in Item 6 of the Stipulation filed March 19, 1957, that they were arraigned in Common Pleas Court, Montgomery County, Ohio, on July 6, 1946. Since this arraignment was had before the writer of these findings and conclusions, it is personally known by him that the robbery in Montgomery County with which they were indicted, occurred in June, 1946.

This Court concludes that the interval of time from November, 1945, when the offense herein was committed and December, 1946, when the defendants were indicted, was not an unreasonable length of time in which to return an indictment. There is no indication that the federal authorities knew before August 23, 1946, the time of the issuance of a warrant by the United States Commissioner in this case, that these defendants were the ones who had perpetrated the crime. The Court further concludes that the defendants, having knowledge in February, 1947, of the indictment in December, 1946, and having never raised any question about prosecution, waived their rights to a speedy trial.

It seems to be a well established Federal rule that the right to a speedy trial is a personal right which may be waived. "Moreover, the right to a speedy trial is a personal right which may be waived and is waived if the accused fails to assert his rights. Morland at no time demanded or sought an earlier trial on the indictment." Morland v. United States, 10 Cir., 193 F.2d 297, 298; Danziger v. United States, 9 Cir., 161 F.2d 299; Campodonico v. United States, 9 Cir., 222 F.2d 310.

Frankel v. Woodrough, 8 Cir., 7 F.2d 796, is not exactly applicable to the case at bar. In this case both crimes involved were federal offenses. In the case at bar, the defendants were imprisoned in a State institution on a State offense and the pending indictment was in the Federal Court on a Federal charge.

■ Finally, the Court concludes that the defendants being in the Ohio State Penitentiary as a result of a crime which they committed subsequent to the crime for which they were indicted in this case, they were imprisoned as a result of their own actions and could not be heard to complain about not having a speedy trial. Carter v. State of Tennessee, 6 Cir., 18 F.2d 850. "The appellant can not be heard to complain at this late day of a procedure for which he was personally responsible." Nolan v. United States, 8 Cir., 163 F.2d 768, 771.

Taylor v. United States, 98 U.S.App. D.C. 183, 238 F.2d 259, decided October 25, 1956, by the United States Court of Appeals for the District of Columbia has been cited by counsel for the defendants as persuasive authority for their position. This Court does not so regard it. The court in the Taylor case recognized the principle that the right to a speedy trial may be waived. At page 261 of 238 F.2d, it is stated: "It is also contended by the Government that the right to a speedy trial is waived by the acquiescence of the accused in the delay, that is, acquiescence through failure to make demand for a speedy trial, to which he is entitled; and, indeed, the authorities indicate that this is correct." The indictment in this case was not returned for three and one-half years after the commission of the crime. Further, there is no evidence that the defendant ever knew of the indictment "until the writ of habeas corpus ad prosequendum was executed in 1956." At page 262 of 238 F.2d, the Court indicated that the case was a "weak" one and stated: "Had the evidence been overwhelming, so that no infirmity might be made to appear, a different result might be reached." While the record of the trial in the case at bar is not before the Court of Appeals, counsel for the defendants will not argue that their case is analogous to the Taylor case in this respect.

The judgment of this Court is that the motion of the defendants to dismiss for want of a speedy trial was properly overruled.

The Court having complied with the mandate of the Court of Appeals, it is hereby ordered that these Findings of Fact and Conclusions of Law in triplicate, together with the original papers, the transcript of the hearing of April 22, 1958, and the exhibits be sent by the Clerk of this Court to the Clerk of the United States Court of Appeals for the Sixth Circuit.