Submitted July 3, affirmed November 14, petition for rehearing
denied December 11, 1962

## BEVEL v. GLADDEN
376 P. 2d 117

No appearances.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

PER CURIAM.

This is an appeal from an order denying post-conviction relief sought under ORS 138.510 to 138.680.

The prisoner is currently serving an enhanced sentence imposed upon him in Douglas County as an habitual criminal under what is now ORS 168.085 (3).

The prisoner has presented a number of issues, one of which concerns the validity of a 1955 conviction in Baker County for violating ORS 165.120 (possession of forged instrument with intent to utter it). The state, while not conceding that there were defects in the Baker County procedure which could have been challenged in a direct and timely appeal, urges that even if that conviction should now be stricken from the prisoner's criminal record, he still would have been convicted of a sufficient number of other felonies to require the enhanced penalty.

■ The record from Douglas County would have authorized the jury in the habitual-criminal trial to find that the prisoner had been convicted of at least three other felonies, without counting the challenged conviction from Baker County. We hold, therefore, that the trial court in these post-conviction proceedings committed no error in refusing to re-examine the Baker County conviction. We need not decide whether the prisoner should have employed this particular post-conviction proceeding as a collateral attack upon an old conviction, the sentence for which has been served.

■■ Another assignment of error challenges the Douglas County conviction for forgery, upon which the enhanced penalty was imposed. The Douglas County grand jury had indicted the prisoner on October 26, 1956. He was not tried until July 16, 1957. (He was in the penitentiary serving the sentence imposed for the Baker County conviction.) He now contends that he was not given the speedy trial demanded by ORS

134.120[1] and by 134.520.[2] The duty to afford an accused a speedy trial is upon the state, not upon the accused. *State v. Crosby,* 217 Or 393, 402, 342 P2d 831 (1959); *State v. D'Autremont,* 212 Or 344, 350, 317 P2d 932 (1958). A timely motion by the prisoner could have required the state to show cause why the indictment should not be dismissed. ORS 134.520. In the absence of such a showing, the case would have been dismissed. See *State v. Crosby,* supra, construing the related provisions of ORS 134.120. We need not now decide, however, whether there was indeed a sufficient reason for the delay. The question of timely prosecution was never submitted to the circuit court.

■ The prisoner was accused of two crimes in Douglas County, both indictments being returned the same day. One indictment (No. 19484) accused him of forging a check for $20.00; the other (No. 19485) accused him of forging a check for $30.00. The prisoner proceeded against indictment No. 19485 pursuant to ORS 134.510 to 134.560. That statute covers the procedure by which inmates of the penal institutions may, during their incarceration, seek to dispose of pending indictments. The Douglas County

[1] **ORS 134.120 Delay in bringing defendant to trial.** "If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the indictment to be dismissed."

[2] **ORS 134.520 Trial within 90 days of notice unless continuance granted.** "(1) The district attorney, after receiving a notice requesting trial under ORS 134.510, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

records do not show that any action was taken upon the motion. Indictment No. 19485 was eventually dismissed, but not, apparently, in response to the prisoner's motion. It was dismissed for lack of prosecution in the 1959 annual housecleaning pursuant to ORS 18.260, long after the prisoner had returned to prison. Any error that may have reposed in that file has now passed into the realm of harmless error.

 Indictment No. 19484 does not appear to have been challenged in any manner. The prisoner proceeded to trial on a plea of not guilty. He was represented by able and experienced counsel. The prisoner and his attorneys were aware of ORS 134.510, having employed it against No. 19485. No reason for the failure to move against indictment No. 19484 appears in the record. The failure to move for a dismissal prior to indictment is a waiver of the right conferred upon an accused by ORS 134.110.[9] *State v. Sutton*, 223 Or 570, 355 P2d 247 (1960). Inasmuch as ORS 134.120 is part of the same remedial scheme as 134.110, and is so treated by 134.130 in providing for the state to show cause for delay, it is reasonable to apply the same rule of waiver to a failure to move against an indictment prior to trial. There is no difference in principle between ORS 134.110 and 134.120. There is likewise no difference in principle between 134.120 and 134.520. The only difference between the procedure contemplated in ORS 134.120 and that contemplated in 134.520 is that the latter section specifically applies to prisoners in state institutions, while the former applies generally to all indicted persons await-

---

[9] **ORS 134.110 Delay in finding indictment.** "When a person has been held to answer for a crime, if an indictment is not found against him within 60 days after the person is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown."

ing trial. We hold that when a criminal defendant, represented by counsel, chooses not to avail himself of a statutory procedure under which he might have obtained the dismissal of an indictment, such inaction amounts to a waiver of the question that might have been raised. It would be highly speculative for a court to say later, after the verdict, that if the question of timeliness had been raised it would have been decided in the defendant's favor. Both ORS 134.120 and 134.520 contemplate cases in which a delay in bringing an accused to trial might be justified. For all the record before us shows, some such justification may have been known to the prisoner and his counsel. There was no error in refusing to vacate the Douglas County conviction upon the ground that the trial was unduly delayed.

■ The prisoner now contends that both indictments were for the same check. He now asks the court to treat his motion against indictment No. 19485 as if it had been interposed against indictment No. 19484 as well. This line of attack appears to be an afterthought. In the case at bar, the trial court treated the prisoner's contention as presenting a question of fact, and held that the prisoner had failed to prove that both indictments were for the same check. There was no error in so doing. There was an adequate basis in the record to support the trial judge's finding.

■ The final issue upon this appeal arises from the prisoner's charge that he was unlawfully denied an appeal from the Douglas County conviction in 1957. He contends, in effect, that since he was denied an appeal the conviction was void. The record reveals that the prisoner was effectively denied an appeal. The Douglas County circuit court, acting under its understanding of the law at that time, held that the

prisoner did not have the right to a transcript of his trial at public expense. Without such a transcript, his counsel may have felt that an appeal would be useless. On the other hand, his counsel may have considered the appeal groundless on the merits. We do not know. But, however that may be, the prisoner was entitled to the free transcript.

■ If ORS 21.470 and 138.500 had been law in 1957 (they were enacted in their present forms in 1959 and 1961), those statutes would have assured the prisoner the rights he now contends were improperly denied him. The statutes in their present form have no retrospective effect. However, *Griffin v. Illinois,* 351 US 12, 76 S Ct 585, 100 L Ed 891, 55 ALR2d 1055 (1956) was decided before the prisoner was tried in Douglas County. That case made a free transcript a constitutional right. This court has consistently followed *Griffin v. Illinois* since *Barber v. Gladden,* 210 Or 46, 298 P2d 986, 309 P2d 192 (1957), cert. den. 359 US 948, 79 S Ct 732, 3 L Ed2d 681 (1959). The prisoner should have been furnished a transcript.

■ It does not follow, however, that he is now entitled to have the Douglas County conviction set aside. The transcript of the trial in Douglas County was furnished the prisoner in connection with this post-conviction case. It is now before this court. We have examined the entire record and have treated the prisoner's contentions as if they had been made upon a direct appeal timely filed. We find no error in the Douglas County forgery case. The prisoner's trial was fair. We are satisfied that there was nothing about the conviction itself which could have justified a reversal on appeal. The questions were largely questions of fact. The jury found against him. The prisoner's real complaint is against the sentence he

ultimately received. The habitual criminal statute necessarily demands a harsh penalty. The prisoner's discontent therewith, however, is not a matter that a court can or should undertake to relieve.

There being no error, the judgment is affirmed.