Argued October 3, affirmed November 27, 1963

# STATE OF OREGON *v.* VAWTER

386 P. 2d 915

*Irvin D. Smith,* Portland, argued the cause and filed briefs for appellant.

*George E. Juba,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and David Robinson, Jr., Chief Deputy District Attorney, Criminal Department.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

LUSK, J.

The defendant has appealed from an order of the circuit court denying his motion to dismiss an indictment which charged him with the offense of converting intrusted property in violation of ORS 165.030. The basis of the motion was delay in bringing the defendant to trial.

The record before us discloses the following: The defendant was arrested on July 12, 1962, on the charge above stated. On July 17 he was brought before the municipal court for the city of Portland, waived examination, was held to answer, and committed to the Multnomah County Jail. On August third he was returned

to the Oregon State Penitentiary as a parole violator. He was indicted by the grand jury on September 11, 1962. A detainer was filed by the district attorney for Multnomah county with the penitentiary on or about September 12, and on January 31, 1963, the defendant wrote to the district attorney from the penitentiary requesting that his detainer be "withdrawn on a probationary period." On February 21, 1963, the court ordered the defendant returned to Multnomah county for further proceedings and on February 26 he was arraigned on the indictment. He requested the court to appoint counsel for him and the court did so and continued the matter until March 5, 1963. On that day the defendant filed his motion to dismiss the indictment and after a hearing the motion was denied on March 15.

The right of the defendant in a criminal case to a speedy trial is guaranteed by Article I, section 10, of the Constitution of Oregon, which reads in part: "No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay * * *." An implementing statute, ORS 134.120, reads:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the indictment to be dismissed."

Contrary to the rule in most of the jurisdictions of the country, this court has consistently held that it is not incumbent upon the accused to demand a trial or take affirmative action to enforce his right to a speedy trial. *State v. Dodson*, 226 Or 458, 466, 360 P2d 782, and authorities there cited. But in 1955 the legislative

assembly adopted a different rule for a defendant who is imprisoned in the Oregon State Penitentiary or the Oregon State Correctional Institution for another offense, Oregon Laws 1955, Chapter 387, codified as sections 134.510, 134.520, and 134.530, Oregon Revised Statutes.①

■ Under this statute an accused confined in one of the penal institutions on another charge may give written notice to the district attorney to bring him to trial and if this is not done within 90 days after receipt of the notice the criminal proceeding must be dismissed. In *Bevel v. Gladden,* 232 Or 578, 583, 376 P2d 117, we held that when a criminal defendant, represented by counsel, chooses not to avail himself of this procedure, he waives the right to secure dismissal of the indict-

---

① ORS 134.510 (1) Any inmate of the Oregon State Penitentiary or the Oregon State Correctional Institution against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging him with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring him to trial on the charge forthwith.

(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint.

ORS 134.520 (1) The district attorney, after receiving a notice requesting trial under ORS 134.510, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

(2) A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection.

ORS 134.530 On motion of the defendant or his counsel, or on his own motion, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 134.520.

ment because of undue delay. The dictum in *State v. Gardner,* 233 Or 252, 377 P2d 919, 923, so far as it seems to be in conflict with this holding in the *Bevel* case, should be disregarded. Our statute appears to have been patterned after a similar statute of California and the construction given it in the *Bevel* case is in harmony with the construction of the California statute by the courts of that state. *People v. Godlewski,* 22 Cal 2d 677, 140 P2d 381 (1943); *People v. Ragsdale,* 177 Cal App 2d 676, 2 Cal Rptr 640; *Osmulski v. Superior Court of Placer County,* 169 Cal App 2d 444, 337 P2d 520. It so happened that in the *Bevel* case the prisoner was represented by counsel, but the reference to that fact in the opinion cannot be taken as a decision that the statute is not applicable to a prisoner who is without counsel. That question is left open.

Relying upon the *Bevel* case, the state contends that the defendant has waived his right to a trial without delay by failing to demand a trial. The state further contends that in any case, the record does not support the defendant's claim of undue delay.

The defendant says in his brief that the statute is not applicable because he did not know of the indictment until he was brought into court to be arraigned on February 21, 1963. There is no evidence in the record, one way or the other, on this subject. In the federal courts the rule obtains that an accused may waive his right to a speedy trial guaranteed by the Sixth Amendment by failing to demand a trial. In two federal cases involving persons confined in the penitentiary for other offenses it has been held that in the absence of evidence as to whether the accused knew of an indictment returned against him while so confined it could not be said that he had thus waived his right. *Taylor v. United States,* 238 F2d 259, 261 (DC Cir,

1956); *Fouts v. United States,* 253 F2d 215, 218 (6th Cir, 1958). In another federal case it was assumed that the defendant knew of the indictment, but a motion to dismiss was allowed after twenty years had elapsed without bringing the defendant to trial. *United States v. Chase,* 135 F Supp 230 (ND Ill, 1955). For nineteen years he had been incarcerated in Alcatraz Prison under conditions which, it was said, made it impossible for him to demand a trial.

There certainly should be no room for debate about the proposition that a person who does not know that he has been indicted cannot be expected to demand a trial, although the five-to-four decision in *McCandless v. District Court (Polk),* 245 Iowa 599, 61 NW2d 674, seems to be to the contrary. It may be arguable, however, that, under a statute such as ORS 134.510 through 134.530, the burden of proving ignorance of the indictment is on the defendant, especially where, as in the present case, the defendant has been arrested and bound over to the grand jury. The briefs of counsel are silent upon this question and we shall leave it undecided, as we are of the opinion that, entirely apart from the statute, this court should not disturb the circuit court's exercise of discretion in ruling upon the motion to dismiss the indictment.

■ We have held that the reasonable period of time mentioned in ORS 134.120 forbids unreasonable delay after indictment found, as the statute expressly refers to "a defendant indicted for a crime." *State v. Dodson,* supra, at 461–462. See, also, *State v. Jackson,* 228 Or 371, 376, 365 P2d 294, 89 ALR2d 1225. We think, however, that the requirement of Article I, section 10 of the Constitution that "justice shall be administered * * * without delay" means that there shall be no unreasonable delay after a formal complaint has been filed

against the defendant. This is the construction placed upon the Sixth Amendment by the United States Court of Appeals for the Ninth Circuit, *Iva Ikuko Toguri D'Aquino v. United States,* 192 F2d 338, 350 (9th Cir, 1951) and by the Supreme Court of California upon the guarantee of a speedy trial in the constitution of that state, *People v. Jordan,* 45 Cal 2d 697, 290 P2d 484; *People v. Godlewski,* supra. While Article I, section 10, of the Constitution of this state does not contain the word "accused," as do the comparable provisions in the Constitutions of the United States[2] and of California,[3] still, we think that the same construction should be given to the constitution of this state. No different measure of protection of the rights of persons accused of crime can reasonably be said to have been in the minds of the framers of our constitution.

■ The defendant did not forfeit his right to a speedy trial because he was incarcerated in the penitentiary under sentence for another offense, *State v. D'Autremont,* 212 Or 344, 349, 317 P2d 932, and authorities there cited. Nevertheless, it was suggested in the leading case of *State v. Keefe,* 17 Wyo 227, 98 P 122, 22 LRA NS 896, 906, that in the case of convicts "a trial might be longer delayed, in the absence of a statute controlling the question, than in the case of one held in jail merely to await trial, without violating the constitutional right, for an acquittal would not necessarily terminate imprisonment."

---

[2] The Constitution of the United States, Amendment VI: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, * * *."

[3] The Constitution of California, Article I, section 13: "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial; * * *."

The elapsed time from July 16, 1962, when an information of felony was filed against the defendant, until March 5, 1963, the date he filed his motion to dismiss, was seven months and 17 days. An affidavit was filed by the defendant in support of his motion, but it states nothing in addition to the record to which we have previously referred, other than that in the intervening time the defendant had been without counsel. An affidavit of a deputy district attorney adds nothing to the facts already stated. No testimony appears to have been taken at the hearing and the order of the trial judge denying the motion to dismiss recites merely that the court had "considered affidavits and argument of counsel."

■ The motion was addressed to the discretion of the trial judge. *State v. Jackson,* supra, 228 Or at 378; *State v. Dodson,* supra, 226 Or at 465; *State v. Ellison,* 209 Or 672, 681, 307 P2d 1050; *State v. Kuhnhausen,* 201 Or 478, 513, 266 P2d 698, 272 P2d 225. As we have frequently said, "* * * the constitutional right of an accused person to a speedy trial contemplates a trial conducted according to fixed rules, regulations, and proceedings at law, free from vexatious, capricious, and oppressive delays." *State v. Kuhnhausen,* supra, and cases there cited.

■ This case, therefore, comes down finally to the question whether this court should declare that a delay of about seven and one-half months in bringing an accused to trial in an ordinary criminal case in Multnomah County—there being no circumstances shown other than that the accused was during this time a prisoner in the penitentiary serving a sentence for another offense—is *per se* a violation of the constitutional right of the defendant to a speedy trial. More accurately stated, the question is whether we are justi-

fied in saying that the circuit court abused its discretion in denying the defendant's motion to dismiss the indictment.

We get little help from the adjudicated cases, as in most of them the delay was for a much longer period of time and there was evidence of the reason for the delay. We put aside, of course, cases which involved statutes fixing a definite time for bringing the accused to trial. In a well documented article entitled "The Right to a Speedy Criminal Trial" in 57 Col L R 846, at page 852, it is said: "It appears thus far that a constitutional violation will seldom, if ever, be declared unless the delay lasts well over a year." The author refers to cases in which there were what he characterizes as "comparatively short delays;" one of 30 months, and two of 18 months, each.

In *Taylor v. United States,* supra, more than three years intervened between the commission of the alleged offense and the indictment and a little more than two years after the indictment until the trial. In the meantime the defendant had been in prison for another offense. On appeal from the judgment of conviction the court reversed and dismissed the indictment, giving as its reasons that the defendant did not know of his indictment and could not therefore demand a speedy trial and that it would not be possible to say that the delay did not harm the defendant because the circumstances disclosed a "weak" case against him. The court said: "Had the evidence been *overwhelming,* so that no infirmity might be made to appear, a different result might be reached." 238 F2d at 262. In *Fouts v. United States,* supra, after the case had been remanded to the District Court to make findings on the question whether the defendants knew that an indictment had been returned against them and had waived their right

to a speedy trial by failing to demand it, and the District Judge on such remand had made findings to the effect that the defendants had thus waived their right, 166 F Supp 38, the United States Court of Appeals, on a second appeal, affirmed the District Court's denial of the motion to dismiss the indictment, notwithstanding the lapse of a period of more than ten years between the date of the indictment and the trial, 258 F2d 402.

In *Arrowsmith v. State,* 131 Tenn 480, 175 SW 545, LRA 1915E 363, the defendant having been convicted on one of several indictments and committed to the penitentiary, the court, on motion of the attorney general, "retired" the other cases from the docket "until the expiration of said sentence." Two years later the defendant was tried on one of the other indictments. The court held that the cases were continued "needlessly and vexatiously" and ordered the defendant discharged. The delay was not only considerably longer than that in the present case, but was based upon an inadmissible ground and an erroneous conception of the defendant's constitutional right to a speedy trial.

An analogy might be suggested by reference to the former statute of this state which required that a defendant be brought to trial at the term of court next succeeding the term in which an indictment was found against him. As we held in *State v. Kuhnhausen,* supra, this statute was not a construction of the constitutional provision, but was enacted to give it effect. We there pointed out that, owing to the varying statutory provisions for terms of court in Oregon a compliance with the statute would be shown if a defendant was tried within one year in some counties, while in

others the trial must have been had within much shorter time, in Multnomah County, for example, within 60 days or less. The former statute is, therefore, a not very reliable guide for determining what period of time, considered by itself, is to be deemed a reasonable period of time as contemplated by the constitutional language "without delay."

Reference may also be made to *United States v. Fox,* 3 Mont 512, 515–516, where the court said:

"Some idea of the term, 'speedy trial' at common law may be gathered from the fact that by that law, in order to insure the trial of all prisoners within a certain time, a patent in the nature of a letter is issued from the king to certain persons appointing them his justices, and authorizing them to deliver his jails. Bouv. Law. Dic., title Gaol Delivery.

"The jails are thus cleared and all offenders tried, punished or delivered twice in every year, 2 Blackst. Com., Book IV, 270, Shars. Ed."

See, also, *People v. Den Uyl,* 320 Mich 477, 487, 31 NW2d 699.

In *State v. Prosser,* 309 NY 353, 130 NE2d 891, 57 ALR2d 295, 298, Judge Fuld, writing for the court, said:

"The speedy trial guarantee, preventing undue delay between the time of indictment and trial, serves a threefold purpose. It protects the accused, if held in jail to await trial, against prolonged imprisonment; it relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and, finally, like statutes of limitation, it prevents him from being 'exposed to the hazard of a trial, after so great a lapse of time' that 'the means of proving his innocence may not be within his reach'—as, for instance, by the loss of witnesses or the dulling of memory. * * *"

Prolonged imprisonment on the pending charge did not concern the defendant, as he was in prison anyway. He may have suffered anxiety incident to the accusation. As to the loss of witnesses or the dulling of memory, no such claim is made in the affidavit filed by the defendant in support of the motion to dismiss, though he does say in his brief: "Witnesses cannot be located and the memories of others are dimmed with time." Delay in and of itself may be sufficient to establish violation of the constitutional guarantee, as, for example, the passing of such a period of time that the thought of ordering the defendant to trial "shocks the imagination and the conscience." *United States v. Chase,* supra, 135 F Supp at 233. The judge there was speaking of a delay of 20 years.

But, as stated in *People v. Romero,* 13 Cal App 2d 667, 672, 57 P2d 557: "Time, only, will not always suffice as the sole basis for the determination of this question, but time, together with the surrounding circumstances, avoids an arbitrary standard and yet effectively preserves the safeguards created by the Constitution."

Necessarily, there will always be delay greater or less in bringing an accused to trial. Legislation recognizes that a delay of 60 days in indicting a defendant who has been held to answer is reasonable. ORS 134.110. Other reasonable delays, about which the trial judge knows and this court does not, frequently occur. When the period of time that has elapsed after the defendant is held to answer is of such length as to be manifestly excessive and unreasonable, it may be incumbent upon the state, in order to avoid dismissal of the indictment, to justify the delay, but the delay in this case was not of that character. In and of itself, it

was not sufficient to require dismissal of the indictment, and no circumstances are shown which indicate that the delay was oppressive or vexatious.

It was within the discretion of the trial judge to deny the motion to dismiss the indictment, and the order appealed from is, therefore, affirmed and the cause remanded for further proceedings.