Argued November 23, reversed December 23, 1970

STATE OF OREGON, *Respondent, v.*
ROBERT W. DOWNING, *Appellant.*

478 P2d 420

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Frank J. Coumont,* District Attorney, Astoria, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Defendant was convicted by a jury of knowingly uttering and publishing a forged bank check and was sentenced to three years' imprisonment. He now appeals this conviction, setting out two assignments of error: (1) that he was denied his right to a speedy trial, and (2) that the trial court erred in denying his motion for a mistrial.

We first examine the speedy trial issue. On February 28, 1968, an information of felony charging defendant with the crime for which he was ultimately convicted was filed in Justice Court for the District of Astoria, Clatsop County, Oregon. On or about March 21, 1968, the Clatsop County sheriff's office and the district attorney were informed that defendant was then in custody in Multnomah County on another charge. He was subsequently convicted there and sentenced to two years in prison. On or before June 18, 1968, the Clatsop County sheriff's office received notice that defendant was confined in the Oregon State Penitentiary and immediately requested that the prison authorities place a detainer on him.

On February 18, 1969, almost a year after the original complaint had been lodged against him, defendant *in propria persona* filed in the Circuit Court

of Clatsop County a motion to dismiss the outstanding information of felony on the ground that he had been denied his constitutional right to a speedy trial. On March 5, 1969, the Clatsop County Grand Jury returned into circuit court an indictment accusing defendant of the same offense as that charged in the justice court, knowingly uttering and publishing a forged bank check. Defendant moved the Circuit Court of Clatsop County in a motion filed on May 29, 1969, to dismiss the indictment, alleging in essence that he had been denied a speedy trial.

On June 10, 1969, the Clatsop County Circuit Court appointed counsel for defendant. Counsel moved on July 14, 1969, to dismiss the indictment of March 5, 1969, for the reason, in part, that defendant had been denied a speedy trial in contravention of the Constitution of the United States, the Constitution of the State of Oregon, and ORS 134.120. The motion was accompanied by defendant's affidavit asserting prejudice. A hearing was held in Clatsop County Circuit Court on July 25, 1969, at which time the motions to dismiss the indictment were denied.

Defendant entered a plea of not guilty to the charge on August 1, 1969, and was brought to trial on September 10, 1969. This trial resulted in a mistrial, on defendant's motion, and a second trial was had on October 10, 1969. Defendant was convicted and, on October 13, 1969, sentenced to three years' imprisonment. The issue of speedy trial is now before us.

The right of every criminally accused to have a speedy trial is beyond dispute. *State v. Sieckmann,* 3 Or App 454, 474 P2d 367 (1970); *Klopfer v. North Carolina,* 386 US 213, 87 S Ct 988, 18 L Ed 2d 1 (1967). Furthermore, it is a well estab-

lished rule in Oregon that the state has a duty to afford the accused a speedy trial and the accused is not required to take affirmative action to enforce this right. *State v. Vawter*, 236 Or 85, 386 P2d 915 (1963); *Bevel v. Gladden*, 232 Or 578, 376 P2d 117 (1962). The fact that an accused is an inmate of a penal institution, as defendant was here, does not deprive him of that right. *State v. Evans*, 249 Or 314, 432 P2d 175 (1967), cert den 390 US 971, 88 S Ct 1093, 19 L Ed 2d 1182 (1968). However, in 1955 the Oregon legislature adopted a special procedural requirement for an accused who is an inmate of the Oregon State Penitentiary or the Oregon State Correctional Institution. ORS 134.510 to 134.530 provides that an accused confined to one of these institutions may give written notice to the district attorney to bring him to trial, and if trial is not held within 90 days of receipt of that notice the criminal proceeding should be dismissed. Should an inmate-accused, represented by counsel, fail to avail himself of this procedure he will be deemed to have waived the right to secure dismissal of an indictment because of unreasonable delay in being brought to trial. *State v. Vawter*, supra. The question whether an inmate-accused who is not represented by counsel is held to the same procedural requirements has not been answered. The Supreme Court in *State v. Vawter*, supra, specifically left that question open. The defendant in this case did not request the district attorney to bring him to trial as provided in ORS 134.510 to 134.530.

■ A speedy trial is guaranteed to every criminally accused by the Sixth Amendment to the Constitution of the United States and by Art I, § 10 of the Oregon Constitution. *State v. Evans*, supra. No statute of this state can remove or severely restrict that

guarantee. However, reasonable statutory procedural requirements may be adopted to implement this constitutional right in the day-to-day administration of justice. ORS 134.510 to 134.530 is such a provision. Nevertheless, in the absence of a showing that an inmate-accused, who is not represented by counsel, was aware of the special procedure afforded by ORS 134.-510 to 134.530, we think it would not meet the requirements of Oregon Constitution, Art I, § 10, to determine that he has waived his right to a speedy trial by failing to avail himself of the rights accorded under those statutes. We hold, therefore, that in the above circumstances the failure of an inmate-accused to proceed under ORS 134.510 to 134.530 does not constitute a waiver of his right to secure dismissal of criminal charges for any unreasonable, unjustifiable delay in bringing him to trial. *Vawter* tells us that once the accused obtains counsel, the requirements of ORS 134.510 to 134.530 apply. However, he retains the right to seek a remedy for any undue lapse of time prior to obtaining counsel. We must now apply this holding to the facts at hand.

As we have already indicated, a formal complaint was filed against defendant in Clatsop County on February 28, 1968, which as we shall later discuss marks the beginning of the time after which there shall be no unreasonable delay. The record before us is unclear as to the time of defendant's availability but, because criminal proceedings were being conducted against him in Multnomah County, he may not have been available for prosecution by Clatsop County authorities until approximately June 18, 1968, when they learned he had been taken to prison from Multnomah County. On February 18, 1969, defendant filed a motion to dismiss the information of felony which was

the original complaint. The indictment against him was returned on March 5, 1969. On May 29, 1969, defendant's motion to dismiss that indictment was filed in Clatsop County Circuit Court. Then, on June 10, 1969, one year less eight days after Clatsop County authorities learned that defendant was incarcerated in prison and certainly available for prosecution and trial, counsel was appointed. Counsel filed a second motion to dismiss the indictment on July 14, 1969. Shortly thereafter, on July 25, 1969, defendant was arraigned. Following that a hearing was held to consider his motions.

In denying defendant's motions, the circuit court reasoned that once the indictment was brought against defendant, his February 18, 1969, motion to dismiss the information of felony presented a moot question. ORS 134.110, 134.140(2).[1] The court then stated that defendant's claim that he was denied a speedy trial would be considered only in light of the time elapsed since March 5, 1969, the date of the indictment. The court concluded that as of July 25, 1969, four and two-thirds months later, defendant had not been denied a speedy trial.

■ As alluded to briefly above, the Supreme Court of Oregon has interpreted Art I, § 10 of the Oregon Constitution to mean that "there shall be no unreason-

[1] ORS 134.110:

"When a person has been held to answer for a crime, if an indictment is not found against him within 60 days after the person is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown."

ORS 134.140 (2):

"An order for the dismissal of a charge or action, as provided in ORS 134.010 to 134.160, is a bar to another prosecution for the same crime if the crime is a misdemeanor; but it is not a bar if the crime charged is a felony."

able delay after a *formal complaint* has been filed against the defendant." (Emphasis supplied.) *State v. Vawter*, supra, 236 Or at 90-91. The court there indicated that this provision should be given the same construction as is given the speedy trial clause of the Sixth Amendment to the Constitution of the United States. See *State v. Evans*, supra. The Clatsop County Circuit Court erred, therefore, in not considering the issue of speedy trial from June 18, 1968, the first date after the filing of the formal complaint when defendant was without question available for prosecution and trial by Clatsop County authorities. Under our holding in this case the time period which should have been considered at the July 25, 1969, hearing was from June 18, 1968, to June 10, 1969, when counsel was appointed for defendant. The question, then, is whether a delay of nearly one year is so unreasonable as to amount to a denial of the right to a speedy trial.

At the July 25, 1969, hearing on defendant's motions to dismiss, the Clatsop County District Attorney, when asked why he had not arraigned or indicted defendant for more than a year after he was formally charged, responded that he "didn't prefer to." He subsequently explained that he felt an indictment was unnecessary because defendant was charged under an information of felony and that he, the district attorney, could not know whether defendant would waive indictment by the grand jury until defendant or defendant's counsel indicated one way or the other. The district attorney also admitted that defendant was in no way responsible for the delay in obtaining an indictment.

■ In *State v. Sieckmann*, supra, 3 Or App at 458, we said that "Delay in bringing a defendant to trial must not be purposeful or oppressive." In *State*

*v. Robinson,* 3 Or App 200, 212, 473 P2d 152 (1970), we cited *State v. D'Autremont,* 212 Or 344, 317 P2d 932 (1957), as holding that "the right to a speedy trial was \* \* \* a guarantee only against arbitrary and oppressive delays." Under the circumstances of this case, where defendant did not contribute to the delay and where the state failed to justify it, we feel that the one-year delay in question was purposeful, arbitrary and oppressive. Our judicial system can ill afford long delays in bringing defendants to trial. Defendant's motion of February 18, 1969, to dismiss the information and the subsequent motions to dismiss the indictment of March 5, 1969, should have been granted.

Lest it be argued that we have today done violence to certain of our statutes, ORS 134.110 to 134.140, we point out that they are, as are ORS 134.510 to 134.530, implementations of Art I, § 10 of the Oregon Constitution. See *State v. Vawter,* supra; *State v. Dodson,* 226 Or 458, 360 P2d 782 (1961). They must be interpreted and applied in light of our constitutional provision and the speedy trial clause of the Sixth Amendment. A criminal prosecution begins with the state's lodging of a formal complaint against a defendant and the right to speedy trial inures at that time. The responsibility for delays or interruptions must be assumed by the party causing them. *State v. Robinson,* supra.

Defendant's second assignment of error, that the court erred in denying his motion for a mistrial, is without merit, and in view of our holding above does not require discussion.

Reversed.