Argued May 18, affirmed June 10, petition for rehearing denied
June 29, petition for review denied September 21, 1971

STATE OF OREGON, *Respondent, v.* CLINTON
WILLIAM ROWLEY, JR., *Appellant.*

485 P2d 1120

*Robert J. Groce,* Portland, argued the cause and filed the briefs for appellant.

*W. Michael Gillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Defendant, an ex-offender who was participating in a vocational rehabilitation program to become a school teacher, was arrested on January 8, 1970, on a

charge of attempted larceny in a dwelling and burglary in a dwelling. On February 4, after a preliminary hearing, he was bound over to the Multnomah County grand jury. On March 27 the grand jury returned a not true bill on the burglary charge but indicted defendant on the charge of attempted larceny. The case was set for trial for June 15. On June 9 the state dismissed the original indictment and resubmitted the matter to the grand jury, which indicted the defendant on both of the above counts. The state did not obtain permission of the court to resubmit the matter.

On June 25 defendant filed a motion for dismissal of the indictment on the grounds he had been denied a speedy trial and that permission of the court to resubmit had not been obtained. The trial court denied the motion on the first ground and allowed it as to the burglary count on the second ground. Shortly thereafter the presiding judge set a new trial date, August 7. Trial was commenced as scheduled. Defendant was convicted after jury trial of attempted larceny in a dwelling of a stereo phonograph.

Defendant appeals contending the lower court erred in (1) denying defendant's motion to dismiss the indictment for failure to grant defendant a speedy trial; (2) permitting a state's witness to testify as to admissions of defendant of past unlawful conduct; (3) not granting defendant's motion for mistrial because of remarks by the prosecutor in his opening statement (a) that while defendant and the alleged victim were both enrolled in a law enforcement course at "Portland State College" (Portland State University) defendant, in introducing himself to the alleged victim and others in the class, mentioned "his prior record," (b) that defendant, after the alleged crime, represented himself to the victim as a member of a security force of ex-

convicts investigating burglaries in the area, (c) that defendant was an "intellectual criminal," and (d) the admission of testimony as to other statements allegedly made by defendant as to past wrongful conduct; and (4) overruling defendant's objection to questions asked defendant by the prosecuting attorney on cross-examination of defendant as to defendant's reasons for pleading guilty to an earlier charge of breaking and entering in Wyoming.

(1) ORS 134.110 provides:

"When a person has been held to answer for a crime, if an indictment is not found against him within 60 days after the person is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown."

The period of time between defendant's preliminary hearing and bind over, and the return of the first indictment, was 51 days. This was within the 60 days permitted by ORS 134.110.

■ Next, the right to speedy trial guaranteed by Oregon Constitution, Art I, § 10, ORS 134.120 and the Sixth Amendment to the United States Constitution, inures to a defendant after a formal complaint has been filed. *State v. Downing,* 4 Or App 269, 273-74, 478 P2d 420 (1970).

ORS 134.120 provides:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the indictment to be dismissed."

■ A reasonable time is such length of time as may be reasonably required under the circumstances. *State v. Harrison,* 253 Or 489, 455 P2d 613 (1969).

Here the interval between formal complaint and initial trial date was 157 days. On July 1 the presiding judge set a new trial date, August 7. Trial began on that date. This made the total time between the formal complaint and trial 209 days, just under seven months. The defendant was not in confinement awaiting trial.

We find no evidence that the delay in this case was "purposeful" or "oppressive."

■ In *State v. Vawter,* 236 Or 85, 386 P2d 915 (1963), our Supreme Court held that a delay of seven and one-half months in bringing defendant to trial in Multnomah County was not unreasonable. We hold that the delay in this case was not unreasonable under the circumstances. *Compare State v. Downing,* supra.

As to defendant's contention that the delay was intentionally vexatious in that the prosecutor's office was preventing him from resuming his teaching position, it was defendant's own conduct, namely, his arrest, rather than the delay, which brought about his suspension from his teaching position.

■ (2) The defendant's second assignment relates to testimony elicited from one of defendant's classmates at Portland State University as to statements allegedly made by defendant as to past unlawful conduct. No timely objection was made. Defendant's counsel had already asked a previous classmate-witness (Lind) on cross-examination as to defendant's attitude on law enforcement problems. The witness had replied, "Strong," and was thereupon asked to give "examples," which he did. This amounted to placing defendant's character in issue in this respect. Since defendant had "opened the door," the prosecution was entitled to elicit from fellow classmates other statements by defendant

tending to show an opposite attitude toward law and law enforcement. *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970).

(3) Defendant here assigns as error (a) remarks referred to above by the deputy district attorney in his opening statement to the jury, and (b) the admission into evidence of other testimony and statements allegedly made by defendant as to other past unlawful conduct.

■ First, the remarks of the deputy district attorney were not objected to and will not be considered by this court.① *State v. Phillips,* 5 Or App 60, 481 P2d 381, Sup Ct *review denied* (1971); *State v. Charles,* 3 Or App 172, 469 P2d 792, Sup Ct *review denied* (1970).

Second, of the statements cited by defendant in his brief, only two were objected to at trial. These fall into the same category as the previous testimony relative to defendant's attitude toward law enforcement problems.

(4) The court correctly overruled the objection by defense counsel to cross-examination of defendant concerning defendant's motives in entering a plea of guilty in Wyoming. The defendant chose to take the stand in his own defense.

■ Where, as here, the defendant by his own testimony endeavors to create the impression that he was motivated in pleading guilty in the Wyoming case as

---

① This is not to be construed as suggesting that these remarks were improper, since the record shows that defendant had told members of the class that he was an ex-offender. Further, the alleged victim testified that when she came home unexpectedly and discovered defendant, he sought to explain his presence there by telling her, among other things, that he was one of a group of ex-convicts employed by law enforcement authorities to investigate burglaries in the neighborhood, which proved to be untrue.

well as in the present case solely by his own guilt or innocence, the state was entitled to show that he may have also been motivated by the fact that 14 other charges which were also pending there against him were dismissed by the Wyoming prosecutor. The questions asked on cross-examination were proper and defendant's assignment of error is likewise without merit. *State v. Keith,* supra.

Affirmed.