Argued August 19, affirmed September 27, reconsideration denied
November 3, petition for review denied December 14, 1976

STATE OF OREGON, *Respondent,*
*v.*
JAMES MARVIN GRAY, *Appellant.*
(No. C 70-11-0352 Cr, CA 5750)
554 P2d 638

Argued and submitted August 19, 1976.

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, and Lee, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals his conviction for assault with great force. Former ORS 163.255. His appeal is based on a claimed violation of the speedy trial provisions of the Sixth Amendment to the United States Constitution and Art I, § 10, of the Oregon Constitution.

Defendant was arrested on November 5, 1970, for the beating of the child of his common law wife. During its investigation the state learned the defendant was wanted in California for the murder of another child of his common law wife. Defendant waived extradition and was convicted of manslaughter in California and sentenced to a 15-year term.

On January 12, 1971, defendant was indicted in Multnomah County. Pursuant to the Uniform Detainer Act, ORS 135.775 to 135.793, a detainer was placed on defendant while he was incarcerated in California. Defendant claims, in his Motion for Dismissal of Criminal Detainer Warrant of September 5, 1975, that on as many as five occasions he wrote to the records officer of the California Institution for Men requesting "prompt disposition of detainer warrant." No documents or testimony in the record support this assertion. Defendant did not testify at the hearing.

Defendant did not contact the prosecuting officer and the court requesting disposition of the indictment as required by Article III of the Agreement on Detainers, ORS 135.775. Defendant had an attorney of record from November 12, 1970, but apparently no consultation occurred after extradition and before this proceeding.

On September 5, 1975, defendant moved, *in propria persona,* to dismiss the indictment alleging a violation of his right to a speedy trial. This motion and a similar motion filed by appointed counsel on October 28, 1975, were denied. Following defendant's transfer by the California authorities he was tried by the court,

[ 903 ]

sitting without a jury, and convicted on November 28, 1975.

Testimony at trial revealed that the victim of the assault had subsequently died in an unrelated incident, that defendant's wife could not be found, that the wife had indicated at the time of the incident that defendant had beaten the child, and defendant had admitted "punishing" her.

The appropriate constitutional approach for determining whether defendant's Sixth Amendment right to a speedy trial has been violated is to weigh the conduct of the prosecution and the defendant. *Barker v. Wingo,* 407 US 514, 530, 92 S Ct 2182, 33 L Ed 2d 101 (1972). In *Barker* the United States Supreme Court identified four nonexclusive factors which should be assessed in determining whether a particular defendant has been deprived of the right to a speedy trial. The factors are: length of delay, reason for the delay, defendant's assertion of his right and prejudice to defendant.

The length of delay, as noted in *Barker,* is a *sine qua non* or triggering device without which there is no need for further inquiry. The length of delay is also an individual factor to be weighed and may have an independent effect on other factors depending on its relationship to the reason for delay and prejudice to defendant. *State v. Evans,* 19 Or App 345, 527 P2d 731 (1974), Sup Ct *review denied, cert denied* 423 US 843 (1975). In this case a time lapse of over four years and ten months is obviously sufficient to initiate inquiry and, absent other factors, is a consideration in favor of defendant's claim.

Next, the reason for the delay in this case appears to have been a combination of neglect on the part of the prosecutor and the failure of defendant to properly assert his right. Cases in other jurisdictions have split on the effect of prosecutorial neglect where there is no demand by an incarcerated defendant. *Compare, People v. MacDonald,* 36 Cal App3d 103, 111 Cal Rptr

266 (1973), *with Clark v. Oliver,* 346 F Supp 1345 (ED Va 1972). *See also, Rudstein, The Right to a Speedy Trial: Barker v. Wingo in the Lower Courts,* 1975 U of Ill Law Forum 11, 22. In *Barker* prosecutorial neglect was characterized as a "neutral reason" which should weigh less heavily against the state than an intentional delay to hamper the defense.

■  The failure of defendant in this case to assert his demand for a speedy trial has the dual effect of influencing the reason for delay factor and is independently weighed against him. Defendant's assertion that he wrote to the records officer of the California Institution for Men is not supported in the record. As noted earlier defendant did not take the stand at the hearing. Further, he makes no claim that he attempted to contact Oregon authorities or that he complied with ORS 135.775. Defendant had appointed counsel in Oregon from November 12, 1970, and can offer no justification for failing to make demand.

Defendant in his brief cites *State v. Downing,* 4 Or App 269, 478 P2d 420 (1970), for the proposition that
"* * * it is a well established rule in Oregon that the state has a duty to afford the accused a speedy trial and the accused is not required to take affirmative action to enforce this right. *State v. Vawter,* 236 Or 85, 386 P2d 915 (1963); *Bevel v. Gladden,* 232 Or 578, 376 P2d 117 (1962). * * *" 4 Or App at 272-73.

The rule that it is not incumbent upon the accused to demand a trial or take affirmative action to secure his right to a speedy trial was originally a rule based on a statute first promulgated in 1864 which, in 1957, read:
"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial at the next term of the court in which the indictment is triable after it is found, the court shall order the indictment to be dismissed, unless good cause to the contrary is shown." (Former ORS 134.120.)

That statute was amended in 1959 and subsequently and now provides:

"If a defendant charged with a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed." ORS 135.747 (formerly ORS 134.120).

In *State v. Dodson,* 226 Or 458, 360 P2d 782 (1961), the Supreme Court expressly declined to decide the question of whether the rule should be applied where the defendant relies on a constitutional violation of the right to a speedy trial. To the extent that the rule in *Downing* exculpates an accused for failure to assert his right to a speedy trial in a constitutional context, we are convinced it does not survive *Barker v. Wingo, supra.* We need not decide whether the rule has application where a statutory violation is asserted.

A critical element in this case is the lack of significant prejudice to defendant. Defendant argues that the death of the victim and the inability to locate defendant's wife are prejudicial circumstances. The victim of the assault was five years old at the time of the incident charged and it is doubtful that she could have testified. ORS 44.030. It is apparent that defendant was actually aided by the disappearance of the wife in that her statements implicating defendant were excluded as hearsay by the trial judge. Defendant's admission was the crucial factor at trial and that admission is unaffected by delay.

Defendant also contends, based on *Smith v. Hooey,* 393 US 374, 89 S Ct 575, 21 L Ed 2d 607 (1969), that defendant suffered prejudice in that his rehabilitation while incarcerated in California was impeded by the outstanding detainer. We need not decide whether, in a proper case, cognizable prejudice may result where defendant's rehabilitation was impaired by the existence of a detainer as defendant in this case made no showing to support his assertion.

■ We conclude that where, as here, there was no bad faith involved, defendant failed to assert his right and no significant prejudice to defendant is demonstrated, no violation of the speedy trial provisions of the state or federal constitutions occurred.

Affirmed.