Argued March 1, reversed and remanded
for trial March 19, 1979

STATE OF OREGON, *Appellant,*

*v.*

WESLEY EVANS WILLIAMS, *Respondent.*

(No. 77-382 M, CA 12468)

592 P2d 226

Catherine Allan, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

James M. Spindor, Klamath Falls, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

On July 19, 1978, defendant filed a motion to dismiss a pending charge of theft against him on the ground that, while an inmate of the Oregon Corrections Division, he had not been brought to trial within 90 days of his request to be tried. The affidavit of his attorney alleged that on March 30, 1978, the Klamath County District Attorney received defendant's letter of March 28, 1978, which informed the district attorney that defendant was an inmate of the Oregon State Penitentiary and which requested that the case be disposed of. Thereafter the trial court entered an order granting the motion to dismiss. The court was in error.

ORS 135.765 provides:

"On motion of the defendant or his counsel, or on his own motion, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

ORS 135.760(1) provides:

"(1) Any inmate in the custody of the Corrections Division against whom there is pending at the time of commitment * * *, in any court of this state, an indictment, information or criminal complaint charging him with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged *requesting the district attorney to prosecute and bring him to trial on the charge forthwith.*" (Emphasis supplied.)

ORS 135.763(1) provides:

"(1) The district attorney, *after receiving a notice requesting trial* under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge." (Emphasis supplied.)

Defendant's letter read in pertinent part:

"I am presently a prisoner at the Oregon State Penitentiary and I am writing in regards to a possible detainer from your office.

"On the 28th of Feb. I was informed that you had a detainer on me and then on the 10th of this

[225]

month I was reinformed of this after a phone call made by my counselor to your office.

"I have written a letter to the party who filed the charges to start with asking them to withdraw their complaint but have heard nothing from them.

"I am currently doing a five (5) year sentence and have recently seen the Parole Board and received a two (2) year set.

"As of this date there is still no detainer filed here, but due to the state of indecision concerning this matter I can get no action concerning my program during my stay here.

"Because of this state of affairs I have decided to write you and ask what intentions your office has in mind.

"At one point I am told that the charge is outstanding and at another I am told that the charge will most likely be dismissed due to my present conviction.

"I urge you to write and let me know what action if any your office plans on this matter.

"I believe the charge is Theft II.

"I will be awaiting your decision on this matter.

"Thank you."

Defendant's letter was not a "notice requesting trial."[1]

Reversed and remanded for trial.

---

[1] *State v. Downing,* 4 Or App 269, 478 P2d 420 (1970), is distinguishable. There the defendant alleged violation of a constitutional right to a speedy trial.