Argued July 19, reversed August 27, 1979

STATE OF OREGON,
*Respondent,*

*v.*

JACK HOLDEN, aka Jack Radford,
*Appellant.*

(No. 78 2702 and 78 2703)
(CA 12726 and 12727)
(Cases Consolidated)

598 P2d 1252

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his convictions of selling unregistered securities, *see* ORS 59.055, and of fraudulent sale of securities, *see* ORS 59.135. He makes several assignments of error, including the refusal of the trial court to dismiss the charges against him because the state had failed to bring him to trial within the 90-day period specified by ORS 135.763.[1] *See* ORS 135.765[2] and ORS 135.760.[3] Defendant was in the custody of the Corrections Division when notice described in ORS 135.760(2) was given.

Under ORS 135.763(1), an inmate defendant may request an early trial on the charges pending against him by serving a written notice on the district attorney of the county in which he is charged. The question here is whether a "certified true copy" of such a notice,

[1] ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

[2] ORS 135.765 states that:

"On motion of the defendant or his counsel, or on his own motion, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

[3] ORS 135.760 provides:

"(1) Any inmate in the custody of the Corrections Division against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging him with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring him to trial on the charge forthwith.

"(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint."

certified by defense counsel, is sufficient to invoke a defendant's rights under ORS 135.760 *et seq.*

ORS 135.760(2) provides that the notice to the district attorney shall be "signed by the inmate." The notice served upon the district attorney contained only "/S/" on the line above the word "defendant" but the ribbon copy that defendant had filed with the clerk of the court had been signed by defendant personally.

We are unaware of any case that addresses the question of what constitutes sufficient compliance with the notice provisions of ORS 135.760 enabling an inmate defendant to invoke the statutory right to a speedy trial. We do note, however, that ORS 135.760 *et seq.* was designed to implement the constitutional guarantee of a speedy trial. *State v. Vawter*, 236 Or 85, 87, 386 P2d 915 (1963). To foster that end, we liberally construe the requirement that the notice given to the district attorney be "signed by the inmate." The notice filed did bear defendant's signature and the copy informed the district attorney of defendant's desire to avail himself of the rights accorded by ORS 135.760 *et seq. Cf. Bevel v. Gladden*, 232 Or 578, 583, 376 P2d 117 (1962); *State v. Gray*, 26 Or App 901, 905, 554 P2d 638 (1976).

We hold that under the facts of this case the "CERTIFIED TRUE COPY" of the notice served on the district attorney was sufficient to cast upon the state the duty of bringing defendant to trial within 90 days. Since the state failed to do so or to ask for a continuance, *see* ORS 135.763(2), it was error for the trial court to deny defendant's motion to dismiss. *See* ORS 135.765.

Reversed.