Argued April 19, affirmed September 17, 1979

STATE OF OREGON,
*Respondent,*
*v.*
JAMES B. BILLINGS,
*Appellant.*

(No. 33930, CA 12561)

599 P2d 1240

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from his conviction for second degree kidnapping. He asserts as error the trial court's refusal to suppress a written confession on the ground that it was obtained in violation of his *Miranda* rights.[1]

The charge arose out of the kidnapping and robbing of a taxi driver by defendant and another man. After defendant was arrested, defendant was read his *Miranda* rights and acknowledged that he understood them. There is no evidence that he requested an attorney at that time or stated his intention not to talk with the police. He was then taken to the Law Enforcement Center, and he was asked no questions prior to arrival at the Center.

At the Center, while his codefendant was being questioned out of his presence, the defendant was again advised of his rights. At the hearing on the motion to suppress, there was a conflict between the two officers who waited with him whether defendant expressly indicated at that time that he did not want to talk. One said that there was no questioning but that there was a conversation and that defendant said he did not want to say anything. The other officer did not recall that defendant indicated he did not want to talk. Whatever defendant said during that conversation about the charged offense, if anything, is not the subject of the issue here.

Defendant was then taken to an interrogation room. He was read his rights for the third time and acknowleged that he understood them. Defendant then made a statement which was transcribed and signed. It is this statement that was the subject of the motion to suppress.

Defendant asserts that the written statement should have been suppressed for two reasons. The first

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

is that he was questioned after he had asserted his right to remain silent. The trial judge found that the defendant "did not express his desire to remain silent" after being advised of his *Miranda* rights *at any time* on May 18. There was evidence to support that finding, and it is binding on this court. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). The other argument is that the conversation, whatever that might have been, after the arrival at the Law Enforcement Center was "the type of subtle coercion condemned by *Miranda."* Of course, the rule in *Miranda* does not come into play unless there has been an assertion of the right to remain silent after defendant has been advised of his rights. Defendant argues, however, that *State v. Turner,* 32 Or App 61, 573 P2d 326 (1978), barred the third warning and the subsequent interrogation. *Turner* rests on the proposition that it is improper to induce a defendant to talk after he has asserted his right to remain silent. The trial court here, however, found that "[t]he police *** did not make any threats or promises of any kind to the defendant." Thus, neither leg of the rule in *Turner* is applicable.

Affirmed.