Argued and submitted January 24, affirmed September 21, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# JERRY JOEL SMITH,
*Appellant.*

(80-5-197; CA A25048 control;
80-5-198; CA A25049; 81-239 & 81-240; CA A25050)
(Cases Consolidated)

669 P2d 368

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his convictions for failure to appear in the first degree and two counts of burglary in the first degree. He moved to dismiss those charges on the ground that he was denied the right to a speedy trial as provided under ORS 135.775, the Interstate Agreement on Detainers. The trial court found that defendant had failed to comply with the provisions of the statute and denied his motion to dismiss. We affirm.

Defendant was incarcerated in the San Mateo, California, County Jail in June, 1981. The Clackamas County District Attorney filed a detainer against him with the San Mateo County Sheriff. On June 30, July 16, and August 4, 1981, defendant attempted to request speedy trial of the Clackamas County charges. Defendant's first request was addressed to the Clackamas County District Attorney's Office; his second request was addressed to Chief Deputy Cravens of that office. Those requests were mailed directly to the district attorney's office. The August 4 request was addressed to Chief Deputy Cravens, "c/o Det. Peter Katsumis, Sheriff's Office, County Courthouse, Oregon City, Oregon." Detective Katsumis apparently is the San Mateo County extradition officer. According to defendant's testimony, he handed this request to a deputy sheriff at the San Mateo County Jail and asked that it be mailed for him directly to the Oregon prosecutor.

San Mateo County released defendant from custody on December 2, 1981. Clackamas County extradited defendant for trial on the failure to appear and burglary indictments. Defendant filed the motion to dismiss the indictments on February 5, 1982, the 186th day after his last attempt to request a speedy trial.

Under Article III of the Interstate Agreement on Detainers, a person incarcerated in a party state may request final dispostion of the charge that is the basis of the detainer. Trial must commence within 180 days of receipt of the request and required information by the appropriate authorities:

> "(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a

detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint * * *. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." ORS 135.775, Art. III (a).

The statute requires the prisoner to initiate speedy trial proceedings by giving written notice and request for final disposition to the prisoner's custodian:

"The written notice and request for final disposition referred to in paragraph (a) of this Article shall be given or sent by the prisoner to the warden or other official having custody of him, who shall promptly forward it together with the certificate to the prosecuting official and court by registered or certified mail, return receipt requested." ORS 135.775, Art. III(b).

Defendant contends that his August 4, 1981, request for a speedy trial was properly delivered to an official having custody of him and therefore was sufficient to bring the Interstate Agreement into effect. He acknowledges that the June 30 and July 16, 1981, requests were insufficient because they were mailed directly to the district attorney, but he contends that they nonetheless constituted substantial compliance with the statute and should be given effect. He argues that, considering any of the requests, he was entitled to a dismissal of the charges against him because he was not brought to trial within the statutorily prescribed 180 days. We disagree.

■ The Interstate Agreement places on the prisoner the burden to provide the custodial official written notice and request for final disposition. ORS 135.775, Art. III (b); *see State v. Miebach*, 52 Or App 709, 717, 629 P2d 1312, *rev den* 291 Or 771 (1981). The trial court expressly found that defendant failed to sustain that burden in initiating the proceedings. It made the following findings of fact:

"1.   The defendant forwarded to the District Attorney of Clackamas County a request for speedy trial on June 30, 1981, a second such request on February 16, 1981 and a third such request on August 4, 1981.

"2.   These written requests were not given or sent by the defendant to the warden or other official to allow that official to forward such request with the certificate provided in Article III(a) of the Agreement On Detainers set forth in ORS 135.775.

"3.   The defendant personally forwarded the request to the District Attorney of Clackamas County without the proper certificates required under Article III (a)."

■    There was evidence to support the trial court's factual findings, and they are binding on this court.[1] *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968); *State v. Billings,* 42 Or App 99, 599 P2d 1240 (1979). Under the Interstate Agreement, the notice and request must be sent by the prisoner to his custodian, not to the prosecutor. ORS 135.775, Art. III (b). Therefore, defendant's attempts to initiate speedy trial proceedings by directly contacting the Clackamas County District Attorney were ineffective to start the running of the 180 day period.

■    We reject defendant's argument that he is entitled to dismissal of the indictments because he substantially complied with the statute by sending requests to the district attorney. The purpose of the Interstate Agreement on Detainers is to provide cooperative procedures to encourage the orderly disposition of detainers. ORS 135.775, Art. I. That goal is furthered by requiring the warden or other official to forward the prisoner's notice and request, together with other information about the sentence being served, to the prosecuting jurisdiction. There is no provision for informal notification to the prosecutor by the prisoner. *See People v. Wilson,* 69 Cal App 3d 631, 138 Cal Rptr 259 (1977).

We find that defendant failed to invoke his right to a speedy trial under the Interstate Agreement on Detainers. He does not contend that his constitutional right to a speedy trial

---

[1] We accept the trial court's findings of fact, with the exception of an apparent scrivener's error in the date of defendant's second request to the district attorney. The record shows that defendant made his second request on July, not February, 16, 1981. That error does not affect our analysis.

was violated and has neither alleged nor shown any prejudice resulting from the delay. *See State v. Gray,* 26 Or App 901, 554 P2d 638, *rev den* (1976). The trial court did not err in denying defendant's motion to dismiss.

Affirmed.