Argued and submitted February 28, reversed and remanded for further proceedings
April 4, 1990

# STATE OF OREGON,
*Appellant,*

*v.*

# EDWARD DOUGLAS LIEFKE,
*Respondent.*

(C 88-05-33389; CA A60244)

789 P2d 700

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Sally L. Avera, Acting Public Defender, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## WARREN, J.

The state appeals the trial court's order dismissing the indictment charging defendant with unauthorized use of a motor vehicle and reckless driving. ORS 138.060(1). We reverse and remand.

Defendant, an inmate, moved to dismiss the indictment on January 13, 1989, for failure to try him within 90 days of his request for trial. ORS 135.765. At the hearing on the motion, defendant testified that he gave his requests for trial to the prison authorities to be mailed on October 6, 1988. He addressed one to the district attorney and one to the circuit court. Under prison procedure, postage is put on by the prison authorities. The notice sent to circuit court was delivered on October 13, 1988, 92 days before the motion to dismiss was filed. The state presented evidence that the district attorney's office never received the request.

The trial court found defendant credible, stating: "He's in jail all locked up and hasn't got any stamps and does the best he can." It held that the 90-day period began to run when defendant mailed the notices and that the district attorney was on notice that defendant wanted an early trial, because the request for trial mailed to the circuit court was in the trial court file. Because 99 days had expired between the time when defendant sent the notices and when he moved to dismiss, the trial court granted the motion.

ORS 135.760 provides:

"(1)  Any inmate in the custody of the Department of Corrections against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith.

"(2)  The notice provided for in subsection (1) of the section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint."

ORS 135.763(1) provides:

"The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge."

■ The latter statute plainly states that the 90-day period starts from the district attorney's *receipt* of the notice. Furthermore, the statute provides that the district attorney's duty to act does not arise until he receives notice "under ORS 135.760." That statute provides for actual, written notice to the district attorney, not constructive notice through the trial court file. *Compare State v. Gilliland,* 90 Or App 477, 752 P2d 1255 (1988); *see also State v. Smith,* 64 Or App 588, 669 P2d 368 (1983). The trial court erred in holding that notice to the court in the file was sufficient and in holding that the 90-day period begins to run when the notice is sent.

■ The critical issues are (1) whether the district attorney received the notice; and (2), if he did, whether he received it more than 90 days before defendant moved to dismiss? The state argues that defendant presented no evidence that the district attorney received notice. We disagree. Defendant testified that he properly addressed the notice and followed prison procedure for mailing it. That evidence, which the trial court believed, was sufficient to activate the presumption that the notice "was received in the regular course of the mail." OEC 311(q). The burden was on the state to prove that it was more probable than not that the district attorney did not receive the notice. *See Commentary to Oregon Evidence Code §* 309 (1990); OEC 308. The trial court made no findings on whether the state's evidence met that burden, and it is not our role to make that determination. *State v. Phillips,* 21 Or App 167, 534 P2d 214 (1975). We remand to the trial court to make findings on the existing record whether the district attorney received the notice and, if he did, when he received it and to make conclusions on the basis of those findings.

Reversed and remanded for further proceedings not inconsistent with this opinion.