Argued and submitted March 8, reversed and remanded for entry of a judgment
of dismissal December 29, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DUSTIN BRUCE McFARLAND,
*Defendant-Appellant.*

Josephine County Circuit Court
06CR0797; A139991

269 P3d 106

Shawn E. Wiley, Chief Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Matthew J. Lysne, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and David B. Thompson, Interim Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a judgment of conviction for identity theft, ORS 165.800. He assigns error to the trial court's denial of his motion to dismiss the case for lack of a speedy trial under ORS 135.747. That statute requires dismissal of criminal proceedings when a defendant is "not brought to trial within a reasonable period of time." The trial court concluded that the 17-month delay between defendant's indictment and his arraignment was reasonable. On review for errors of law, *State v. Johnson*, 339 Or 69, 74-87, 116 P3d 879 (2005), we reverse and remand for entry of a judgment of dismissal.

We begin with the relevant procedural facts. On October 19, 2006, a Josephine County grand jury indicted defendant for one count of identity theft. On that date, defendant was in custody at the Josephine County Jail due to an arrest on unrelated charges. The Josephine County Circuit Court issued an arrest warrant on October 23, 2006. That arrest warrant included a standard return of service form, which read, "The undersigned Peace officer hereby returns that he has executed the within warrant by arresting the within-named defendant on [date]." After the return of service declaration, the warrant contained spaces reserved for the arresting officer's signature, printed name, and agency affiliation.

On October 24, 2006, defendant was transferred to the Douglas County Jail. Unknown persons at the Douglas County Jail received the arrest warrant, partially completed the return of service form, and then returned it to Josephine County. Josephine County filed the return of service form on November 2, 2006. Although parts of the return of service form had been filled out,[1] it lacked a signature and printed name of an officer to indicate that it had been served on defendant.

---

[1] The arrest warrant was stamped "received" on October 24, 2006. An unknown person filled in the date, November 1, 2006, and wrote "Douglas County Jail" on the line reserved for the name of the participating agency. Additionally, the document contained two notations accompanied by two different sets of initials: "Cleared 11-1-06 NM[;] Entered 10-24-06 BM[.]" No evidence appears in the record regarding the identity of the person who partially filled out the form or the identities of the persons who authored and initialed the notations.

Defendant remained in custody at various county and state facilities. In February 2008, defendant received notice regarding the identity theft charge in Josephine County, and, shortly thereafter, he requested a 90-day speedy trial under ORS 135.760. Defendant was arraigned on March 21, 2008. On May 19, 2008, defendant moved to dismiss the charge, arguing that the 17-month delay between his indictment and arraignment was unreasonable under ORS 135.747. At the hearing on that motion, defendant testified that he was not served with the arrest warrant in November 2006 and that he did not learn of the charge until February 2008. The state asserted that the delay was reasonable due to a lack of law enforcement resources in Josephine County dedicated to executing warrants on defendants incarcerated in other jurisdictions.

The trial court denied defendant's motion to dismiss, finding that defendant had received notice of the identity theft charge when the arrest warrant was executed on November 1, 2006, and that his knowledge of the charge rendered the delay reasonable. Alternatively, the trial court found that the delay was reasonable due to a lack of law enforcement resources in Josephine County. The trial court explained its ruling as follows:

"In this case, the court must take judicial notice of its own file, and as I have pointed out to counsel, the original secret indictment warrant of arrest is located in the court's file. It does show that there was a warrant issued by Judge Wolke on the 23rd of October, 2006.

"It also shows that * * * there is a return of service, and that is an original return of service that has been completed by Douglas County Jail, and that was done on November 1, 2006. And it does contain the initials of the official from Douglas County Jail.

"* * * * *

"Now the court recognizes that the defendant has testified in this proceeding to the effect that he is not aware of * * * the execution of that warrant while he was in Douglas County.

"* * * * *

"Looking at everything as a whole—again, the court must acknowledge the execution of this warrant, and does find that based on the official documentation[2] that the defendant appears to have been given notice, and was actually arrested on this particular charge back in November— the 1st of November in 2006. Therefore, the timeliness appears to—or the court must conclude that since the defendant was made aware of the Josephine County case back in November, 2006, and has been * * * in custody of either Douglas County, Jackson County, or the Department of Corrections since then, that there has not been an unreasonable delay in proceeding on the Josephine County case.

"* * * * *

"The court is finding that the defendant was notified of the charges on November 1, 2006, when the warrant was executed, and that he has now been arraigned and is set for trial. And while it has taken a fair amount of time, the time has been really because the defendant has been otherwise involved in his other cases in other counties, and it has just now come back to Josephine County to address.

"So the court is denying the defense motion to dismiss really on two bases: one, finding that there has not been an unreasonable delay. Again, basing its findings on the execution of the warrant.

"But also if in fact the defendant had not been given notice back in * * * November 2006, then alternatively the state has presented an appropriate reason for the delay in the evidence that was presented with respect to the lack of law enforcement resources, and the inability to follow up on these cases when someone is in custody somewhere else other than the local jurisdiction."

Defendant then entered a conditional plea of guilty to the identity theft charge, reserving his right to appeal the

---

² The record suggests that the trial court intended the term "official documentation" to include, in addition to the return of service form, an Oregon Judicial Information Network (OJIN) entry from November 2, 2006, indicating that the form was returned to Josephine County on that date, and an OJIN entry from December 11, 2007, indicating that defendant was in custody at Douglas County Jail and that a hold had been placed on him by Josephine County. However, as the state acknowledged in oral argument, it is apparent from the record that the trial court mistakenly believed that the December 2007 OJIN entry was made a year earlier, in December 2006.

trial court's denial of his motion to dismiss. On appeal, defendant contends that the trial court's factual finding that he received notice of the charge on November 1, 2006, is not supported by sufficient evidence in the record. Further, defendant argues that, even if he was informed of the charge on November 1, 2006, that fact does not render the delay reasonable under ORS 135.747. Finally, defendant asserts that the trial court erred in concluding, in the alternative, that the delay was reasonable due to a lack of law enforcement resources in Josephine County.

The state responds that the trial court's finding is supported by sufficient evidence in the record and contends, for the first time, that defendant waived his statutory speedy trial rights under ORS 135.747 by not demanding a speedy trial pursuant to ORS 135.760. ORS 135.760(1) allows an incarcerated person who is charged with a crime to "give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith." ORS 135.763 requires the district attorney to bring the inmate to trial within 90 days of the notice. In the state's view, by failing to request a speedy trial under ORS 135.760, defendant waived his speedy trial rights with regard to all but 12 days of the delay—the time between defendant's indictment and the execution of the arrest warrant on November 1, 2006. *See State v. Vawter*, 236 Or 85, 88-89, 386 P2d 915 (1963) (failure of represented and incarcerated defendant to demand 90-day speedy trial as waiver of all statutory speedy trial rights).

Defendant could not have waived his statutory speedy trial rights by failing to demand a trial on a charge that was unknown to him. *See Vawter*, 236 Or at 90 ("There certainly should be no room for debate about the proposition that a person who does not know that he has been indicted cannot be expected to demand a trial."). Accordingly, as the state correctly acknowledges, to support its waiver theory on appeal, there must be sufficient evidence in the record demonstrating that defendant had knowledge of the identity theft charge on November 1, 2006. We conclude that there is no evidence in the record to support that factual finding. Therefore, we need not decide whether a waiver of speedy

trial rights occurs under ORS 135.747 by the failure of this unrepresented defendant to demand a speedy trial under ORS 135.760.

We are bound by the trial court's findings of historical fact if there is evidence in the record to support them. *State v. Doak*, 235 Or App 351, 356, 231 P3d 1181 (2010). The state contends that the following evidence supports the trial court's finding: (1) the return of service form that was partially completed by unknown persons at the Douglas County Jail and (2) the OJIN entry, dated December 11, 2007, that indicated that defendant was in custody at the Douglas County Jail and that Josephine County had placed a hold on him.

The trial court based its finding primarily on the arrest warrant's return of service form. That form, however, is of no evidentiary value. Because the form lacks the signature and printed name of an officer, there is nothing on the face of the form that indicates that an officer actually executed the arrest warrant. Moreover, there is no evidence in the record establishing the identity of any officer who purportedly executed the warrant. The handwritten markings on the form, including the date, the name of the jail, and two administrative notations accompanied by separate sets of initials, support, at most, a conclusion that the arrest warrant was received by the Douglas County Jail and processed by its staff. They do not support the trial court's finding that *defendant had notice of the charge* on November 1, 2006. Similarly, the OJIN entry indicating that Josephine County had placed a hold on defendant with Douglas County in December 2007 does not support the trial court's finding that *defendant had notice of the charge*, or even that defendant had notice of the Josephine County hold. In fact, we can find nothing in the record that indicates that defendant was personally informed, before February 2008, of the arrest warrant or the fact that he had been indicted for identity theft.

The state contends that, although the trial court did not make explicit credibility findings, its ruling indicates that it disbelieved defendant's testimony that he did not receive notice of the identity theft charge until February 2008. In the state's view, the trial court's implicit disbelief of defendant's

testimony is sufficient to support the trial court's ultimate factual finding that defendant was made aware of the charge on November 1, 2006. We disagree. It was the state's burden below to prove that defendant had notice of the charge. *See State v. Bellah*, 242 Or App 73, 80, 252 P3d 357 (2011) ("Because it is the state's obligation to bring a defendant to trial within a reasonable time, it is the state's burden to show the reasonableness of any delay."); *State v. Ayers*, 207 Or App 668, 689, 143 P3d 251, *rev den*, 342 Or 253 (2006) (the state has the "functional burden of demonstrating that a defendant has waived rights under ORS 135.747 or consented to a delay"). Even assuming that the trial court disbelieved defendant's testimony, there is still no affirmative evidence in the record that supports a finding that defendant had notice of the charge on November 1, 2006. *See State v. Reed*, 339 Or 239, 245, 118 P3d 791 (2005) (disbelieving a witness's testimony "does not add anything affirmative to the state's evidence"). We conclude that there is no evidence in the record to support the trial court's factual finding that defendant had notice of the charge on November 1, 2006. There could not have been, then, any waiver of speedy trial rights by defendant under ORS 135.747.

Accordingly, we are left to decide whether the entire 17-month delay between defendant's indictment and his arraignment was reasonable under ORS 135.747. That statute provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

The Supreme Court has outlined a two-step process for reviewing a trial court's decision on a motion to dismiss brought pursuant to ORS 135.747. The first step is to "determine the relevant amount of delay by subtracting from the total delay any periods of delay that [the] defendant requested or consented to." *State v. Glushko/Little*, 351 Or 297, 305, 266 P3d 50 (2011). The second step is to determine

whether that delay is reasonable, which requires an examination of "all the attendant circumstances." *Id.* at 315-16 (citing *State v. Johnson*, 339 Or at 88). More specifically, *"the circumstances that cause the delay* generally will determine whether the delay (and thus, the overall time period for bringing the defendant to trial) is reasonable." *Id.* (quoting *Johnson*, 339 Or at 88) (internal quotation marks omitted; emphasis in original).

Here, the state concedes that the 17-month delay was unreasonable. That concession is well taken and we accept it. *See State v. Davids*, 193 Or App 178, 183, 90 P3d 1 (2004), *aff'd*, 339 Or 96, 116 P3d 894 (2005) (observing that "the courts generally have concluded that state-caused delays to which a defendant has not consented of 15 months or more are generally unreasonable"). Finally, the state does not ask us to remand the case to the trial court to allow it to consider whether there is "sufficient reason" to continue the case under ORS 135.750, and we decline to do so.[3]

Reversed and remanded for entry of a judgment of dismissal.

---

[3] ORS 135.750 provides:

"If the defendant is not proceeded against or tried, as provided in ORS 135.745 and 135.747, and sufficient reason therefor is shown, the court may order the action to be continued and in the meantime may release the defendant from custody as provided in ORS 135.230 to 135.290, for the appearance of the defendant to answer the charge or action."