Argued and submitted December 20, 2010, reversed and remanded for entry of a judgment of dismissal June 27, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JENNIFER MARIE JANELLE DANFORD,
*Defendant-Appellant.*

Lane County Circuit Court
210308252; A141614

282 P3d 878

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and David B. Thompson, Interim Solicitor General.

Before Brewer, Presiding Judge, and Haselton, Chief Judge.*

BREWER, P. J.

_____

* Haselton, C. J., *vice* Gillette, S. J.

**BREWER, P. J.**

This is a criminal case in which defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010. The charged conduct occurred on April 26, 2003; defendant was not brought to trial until February 12, 2009. Defendant filed motions for dismissal of the charging instrument on grounds that (1) she was not prosecuted within the applicable statute of limitations, and (2) she was not afforded a speedy trial. The trial court denied both motions.[1] Defendant then waived her right to a jury trial and agreed to be tried by the court. The trial court found her guilty, and this appeal ensued. Because we conclude that the trial court erred in denying defendant's motion to dismiss for lack of a speedy trial, we reverse and remand.

The historical facts are important. Defendant was arrested in Lane County for DUII on April 26, 2003, and was given a citation for DUII that directed her to appear for arraignment on May 20, 2003. By that date, a criminal information charging defendant with DUII had been prepared, but defendant never appeared for arraignment. The trial court issued a warrant for defendant's arrest on the same day.

Just under one year later—in March 2004—defendant was arrested in Linn County for driving while suspended. The Linn County authorities served defendant with the outstanding warrant for failure to appear on the earlier DUII charge, and they "cleared" that warrant in state records. However, defendant was not given a new court date.

For the next 41 months, defendant remained at liberty. During that period, the only other relevant development was the issuance, on August 15, 2007, of another warrant for defendant's arrest for the 2003 charge. On December 15, 2008, police arrested defendant on the August 2007 warrant. Thereafter, as noted, defendant appeared, waived her right to a jury trial, was tried to the court on stipulated facts on February 12, 2009, and was found guilty.

---

[1] The trial court also denied a motion to suppress evidence. That motion is no longer an issue in this case.

On appeal, defendant makes two assignments of error: (1) the trial court erred in denying her motion to dismiss the case on the ground that she was not brought to trial within the period provided by the applicable statute of limitations, and (2) the trial court erred in denying her motion to dismiss the case for lack of a speedy trial pursuant to ORS 135.747.[2]

We turn first to the statute of limitations issue. ORS 131.105 provides that "[a] criminal action must be commenced within the period of limitations prescribed in ORS 131.125 to 131.155." The period of limitation for misdemeanor DUII—the charge against defendant—is two years. ORS 131.125(6)(b). Defendant asserts that her prosecution was not commenced within that two-year period.

Defendant is mistaken. ORS 131.135 provides that "a prosecution is commenced when a warrant or other process is issued providing that the warrant or other process is executed without unreasonable delay." In fact, the present prosecution was commenced on the date of defendant's original arrest because the citation given to defendant at that time performed the commencement function. *See State v. Anglin*, 227 Or App 325, 332, 206 P3d 193, *rev den*, 346 Or 364 (2009) (so holding under similar facts).

We turn to defendant's second assignment of error. Defendant argues that the delay in bringing her to trial violated her statutory right to a speedy trial under ORS 135.747, which provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

Here, the overall delay, from citing defendant to actually bringing her to trial, was 2,119 days.

---

[2] Where sufficient time has passed that dismissal for lack of a speedy trial would prevent refiling of the charging instrument because the applicable statute of limitations has run, the court will address that consideration first. *See State v. Loza*, 244 Or App 71, 260 P3d 555 (2011) (illustrating approach).

Of course, that period of delay is very high, but our task is not simply to make a pronouncement respecting raw delay. Instead, in determining whether a delay is reasonable under ORS 135.747, we first consider the length of the delay. Then, if the length of the delay seems longer than would be " 'ordinarily expected,' " we look to the reasons for it. *Anglin*, 227 Or App at 332 (citing *State v. Garcia/Jackson*, 207 Or App 438, 444, 142 P3d 501 (2006)). In making the latter calculation, the reviewing court considers "all the attendant circumstances." *State v. Johnson*, 339 Or 69, 88, 116 P3d 879 (2005).

No one could seriously suggest that a delay of 2,119 days is reasonable. Indeed, the Oregon Supreme Court has suggested that, as a usual matter, the statute of limitations period applicable to offenses of this type sets a standard somewhere near the outer edge of permissible delay. *See State v. Adams*, 339 Or 104, 112, 116 P3d 898 (2005) (so stating). Here, that period of limitation is two years—730 days. We now turn to the question of whether the far longer period involved here can nonetheless be justified.

In our view, it cannot. One fact alone makes the point: the more than three-year delay that followed defendant's arrest in Linn County. It was at the time of defendant's 2004 arrest that the authorities, by "clearing" the warrant for her arrest, but not giving her a date to appear in court, essentially lost her in the system. As a result of that official error (no part of which is attributable to defendant), there was no basis either to arrest and hold defendant or otherwise to require her to make a court appearance during the following 41 months. That period far exceeds the 24-month statute of limitations.

The only contrary argument that might be made respecting the delay is that, in failing to appear or otherwise to inquire about her offense, defendant somehow "consented" to the delay. But any such argument was laid to rest by the Supreme Court's decision in *State v. Glushko/Little*, 351 Or 297, 315, 266 P3d 50 (2011), where the court held that "a defendant gives 'consent' to a delay only when the defendant expressly agrees to a postponement requested by the state or the court." Still more recently, this court, in *State v.*

*McFarland*, 247 Or App 481, 488, 269 P3d 106 (2011), explained, in applying *Glushko/Little*, that it would determine the relevant amount of delay for speedy trial purposes "by subtracting from the total delay any periods of delay that defendant requested or consented to." In this case, that mathematical exercise brings us back to a period of 41 months and leaves us with the same conclusion: that period substantially exceeded any reasonable time within which to bring defendant to trial. The trial court erred in failing to dismiss the charge against defendant on statutory speedy trial grounds.

Reversed and remanded for entry of a judgment of dismissal.