Argued and submitted July 31, affirmed September 26, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

REBECCA ALICE TURNER,
aka Rebecca Turner,
*Defendant-Appellant.*

Multnomah County Circuit Court
020140469; A145947

287 P3d 1206

Jonah Morningstar, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Brewer, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

BREWER, P. J.

**BREWER, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), arguing that the trial court erred in denying her motion to dismiss on statutory speedy trial grounds. ORS 135.747. As explained below, we conclude that the trial court properly denied defendant's motion. Accordingly, we affirm.

The pertinent facts are procedural. Defendant was charged with DUII on January 11, 2002, and she entered into diversion on that charge on February 22, 2002.[1] Her diversion agreement required that she waive her right to a speedy trial during the diversion period, and it further obliged her to keep the court informed of her current address. Defendant failed to participate in diversion as required by that agreement, and she also failed to appear at a show cause diversion termination hearing. The trial court terminated defendant's diversion on June 11, 2002, and it issued a bench warrant for her arrest on June 12, 2002.

The bench warrant was not served on defendant until November 21, 2008,[2] and she was notified to appear on the DUII charge on December 8, 2008. Defendant appeared on December 8, but the court set the matter over again, instructing defendant to appear on December 15. On December 15, the court was closed due to a snow storm. Defendant's appearance was rescheduled for December 30, 2008, and an Oregon Judicial Information Network (OJIN) entry indicates that a notice was sent to defendant on December 15, 2008, but the record does not establish that she received notice of that rescheduled hearing. On December 31, 2008, another bench warrant issued. That warrant was entered into a law-enforcement database on January 5, 2009, and was served on September 24, 2009.[3] Thereafter, the case

---

[1] Defendant also was charged with criminal mischief and reckless driving at that time. She subsequently entered a plea on the reckless driving charge and the criminal mischief charge was dismissed. Those charges are not at issue on appeal.

[2] It appears from the record that sometime between 2002 and 2008, defendant relocated from the Portland area to Lane County.

[3] We note that the address given after defendant's apprehension on that warrant differed from the address listed on the warrant and, indeed, from any of the other addresses that defendant had previously provided to the court.

was set for trial on November 9, 2009, and, then, was set over for an additional month for unexplained reasons at the state's request. On December 9, the court set over the trial until December 28, 2009, because defense counsel had been summoned for jury duty. Defendant then requested set-overs through March 9, 2010. The state requested a set-over from March 9, 2010 until March 30, 2010, due to the unavailability of a witness. Thereafter, defendant requested several set-overs, and her motion to dismiss for lack of a speedy trial was heard on May 17, 2010.

The trial court denied defendant's motion to dismiss, concluding, in pertinent part, that defendant had consented to the delays occasioned by her failures to appear. The court further concluded that, although there was no evidence that defendant had actually received the notice of the December 30, 2008, hearing date, the ensuing delay also was attributable to defendant. The court stated:

> "[T]here's no record that she received a specific notice of the 12/30/2008 hearing date, but she certainly knew as of 12/8 of 2008 that the matter was proceeding, and so there were pending charges and they were not resolved and she needed to deal with them. She also had agreed to keep the Court apprised as to all her current addresses."

On appeal, defendant asserts that the trial court erred in determining that she consented to the majority of the delay that occurred in this case. It follows, defendant asserts, that she was not brought to trial within a reasonable time. ORS 135.747 provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument dismissed."

As an initial matter, we note that defendant is correct that, under *State v. Glushko/Little*, 351 Or 297, 315, 266 P3d 50 (2011), a defendant's failure to appear does not constitute "consent" to the delay for purposes of ORS 135.747. However, as the court explained, that "is not the end of the matter," because the cause of the delay is taken into account in determining whether the defendant was "not brought to

trial within a reasonable period of time." *Id.* In assessing the issue of reasonableness, a defendant's failure to appear as required by the court may result in delays that are deemed "reasonable" for purposes of ORS 135.747. *Id.* at 316-17.

As we explained in *State v. Ton,* 237 Or App 447, 450, 241 P3d 309 (2010), we follow an established methodology in evaluating a statutory speedy trial claim:

> "The Oregon Supreme Court decided a trilogy of cases in 2005 that, when read together, set out a three-step process for determining whether the state has violated the statutory speedy trial requirement of ORS 135.747. *State v. Adams,* 339 Or 104, 116 P3d 898 (2005); *State v. Davids,* 339 Or 96, 116 P3d 894 (2005); *State v. Johnson,* 339 Or 69, 116 P3d 879 (2005). First, we must determine the total amount of delay and then subtract any delays that the defendant requested or consented to. *State v. Garcia/Jackson,* 207 Or App 438, 444, 142 P3d 501 (2006). Second, if the remaining delay is longer than what ordinarily would be expected to bring a defendant to trial, we must determine whether the delay was unreasonable. *Id.; see also Johnson,* 339 Or at 88. Third, if that delay was unreasonable, we may nevertheless allow the case to proceed if the state shows 'sufficient reason' not to dismiss the indictment. ORS 135.750; *Garcia/Jackson,* 207 Or App at 444."

In this case, the period of time that elapsed between the issuance of the charging instrument and the hearing on defendant's speedy trial motion was approximately eight years and four months. Approximately five months of delay were the result of defendant's requests for set-overs.[4] The brief period—a little more than months—that defendant was in the diversion program also is attributable to defendant. Thus, there was a total of approximately seven years and eight months of delay that defendant neither requested nor consented to. Six years and five months of

---

[4] To the extent that defendant suggests that some part of that period should be attributed to the state as "unexplained" delay, we disagree. Although the record does not always indicate the reasons for that delay, it does indicate that the set-overs were at defendant's request. We also note that the trial court did not—nor do we—conclude that the set-over requested by defense counsel so that she could attend to jury duty resulted in delay caused by "the application of the defendant or by the consent of the defendant," ORS 135.747, and thus that period of time is not included in the five-month period attributable to defendant's requests for set-overs.

that period were due to defendant's failure to appear at her diversion hearing in June of 2002; that period of delay is deemed reasonable. *See Glushko/Little*, 351 Or at 316-17. That leaves a remainder of one year and three months to be accounted for. We separately evaluate the discrete portions of that residual period.

The longest portion of that residual period is the nine-month delay that transpired between defendant's failure to appear on December 30, 2008, and her arrest on the ensuing bench warrant. As noted, the trial court concluded that the state had not established that defendant received notice of the court appearance scheduled for December 30, 2008. We have previously held that, where the defendant has no knowledge of the charge, the delay between the issuance and service of a warrant is not reasonable for purposes of ORS 135.747. *State v. McFarland*, 247 Or App 481, 269 P3d 106 (2011). Here, however, it is undisputed that defendant was aware that the charge was pending.

The state asserts that this case is comparable to *State v. Gonzales-Sanchez*, 251 Or App 118, 282 P3d 19 (2012), where we concluded that a delay following a failure to appear was reasonable. In *Gonzales-Sanchez*, the state adduced evidence that it had mailed notice of a diversion termination hearing to the defendant's last known address; the defendant had not received the notice because he had failed to provide a forwarding address. *Id.* at 122. There, we agreed with the state that the delay in question was reasonable. We stated:

> "Defendant contends that this case is distinguishable from *Glushko/Little* because, unlike the defendants in that case, he did not receive notice of the diversion termination hearing. In defendant's view, because he did not *knowingly* fail to appear at that hearing, he 'did not have control over the delay.' Defendant further argues that the state caused the delay by sending notice of the arrest warrant to a random Portland address and by failing to take additional steps to contact him, including calling the telephone number that he had provided in April 2002. The state responds that defendant knew that he had a pending criminal charge in Oregon and that he had not completed his obligations under the diversion agreement. In the state's

view, under those circumstances, the state's efforts to locate defendant—namely, contacting defendant at his last known address and entering the warrant into two law enforcement databases—were sufficient to render the delay reasonable under ORS 135.747. We agree with the state.

"We conclude that the state made sufficient efforts to locate defendant and that defendant was primarily responsible for the delay in the prosecution of his crime. In light of those attendant circumstances, the six-year delay was reasonable."

*Id.* at 125-26 (emphasis in original).

Although the facts differ somewhat, the rationale of *Gonzalez-Sanchez* informs our analysis here. In this case, as in *Gonzalez-Sanchez*, defendant was aware of the pending charge and was under an obligation to keep the court apprised of her current address. In *Gonzalez-Sanchez*, notice was sent to the defendant, who never received it because he had moved and not kept the court (or the post office for that matter) apprised of his current address. *Id.* Here, by contrast, the OJIN record indicates that a notice of hearing was sent out on the day of the snow storm.[5] As the trial court noted, no evidence was adduced that defendant actually *received* that notice. However, as is implicit from *Gonzales-Sanchez*, the result of the inquiry does not hinge on whether the state can affirmatively prove that a defendant actually received the notice. Less than a month before the snow storm, defendant had entered into a release agreement on which her address was listed that stated, "If I fail to keep the court informed in writing of my correct mailing address, I will not get notices advising me of court dates and that this would be no excuse for failure to appear." When the bench warrant issued approximately one month later, after defendant's failure to appear, it included the same address for defendant. There is no indication in the record that defendant informed the court that she had moved from that address, although the record does indicate that, after she was apprehended nine months

---

[5] Specifically, the pertinent OJIN entries state:

"59. 12/15/08, Hearing Further Pro Scheduled, 12/30/08, 8:30 AM, snow setover, related event #60.

"60. 12/15/08, Notice Hearing."

(Punctuation added.)

later, she gave a different address in a different town. In sum, notice of the hearing was sent to the address defendant provided to the court, *see* OEC 311(1)(j) (presumption that official duty has been regularly performed); OEC 311(1)(q) (presumption that a letter duly directed and mailed was received in the regular course of the mail), and, if defendant did not receive it, that was because she had moved from that address without informing the court of her new address, as required by her release agreement. Thus, although, again, the trial court misclassified the delay as delay to which defendant had "consented," the trial court ultimately was correct in determining that this nine-month delay was not unreasonable delay under the analysis set forth in *Glushko-Little*.

That leaves approximately six months of delay unaccounted for. Less than two months elapsed between the date of the charging instrument and defendant's entry into diversion; the court file indicates that, during that period, defendant petitioned for entry into diversion, and the state negotiated a plea agreement concerning the other charges. The record thus does not show that the case was languishing in the system during that brief interval. There also were relatively short delays between defendant's arrests on the two outstanding warrants and the scheduling of her further court appearances, neither of which was of such a duration as to fall outside the norm of acceptable court scheduling practices. In addition, as noted, there was a one-month set-over at the state's request for which no explanation was given on the record. Finally, there were two brief set-overs— one occasioned by defense counsel's jury duty and one due to the unavailability of a state's witness—which we deem to be reasonable delays. *See, e.g., State v. Peterson*, 183 Or App 571, 573-74, 53 P3d 455 (2002) (unavailability of witness).

To sum up, there was a significant amount of delay in bringing defendant to trial in this case. The vast majority of that delay, however, was due to defendant's failures to appear, with brief delays due to routine court scheduling, a short set-over for defense counsel to perform jury service, and a short set-over due to the unavailability of a state's witness. That cumulative period of delay was reasonable. The delay that was not "reasonable" for purposes of ORS 135.747

consisted of approximately one month of unexplained delay due to a state-requested set-over. In this circumstance, the trial court properly denied defendant's motion to dismiss.

Affirmed.