Submitted November 15, 2011, affirmed November 7, 2012, petition for review denied May 16, 2013 (353 Or 562)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RUSSELL WILLIAM BIRCHER,
*Defendant-Appellant.*

Multnomah County Circuit Court
060951810; A143516

290 P3d 841

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Brewer, Judge, and Egan, Judge pro tempore.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Defendant was convicted of misdemeanor driving under the influence of intoxicants (DUII), ORS 813.010(1), and appeals the denial of his motion to dismiss the charges under ORS 135.747, a statutory speedy trial provision. The two issues in the case are (1) whether the pretrial delay associated with defendant's incarceration in prison on other charges is attributable to the state or to defendant in calculating the relevant delay under ORS 135.747 and (2) whether that delay, if attributable to the state, is nonetheless a "reasonable" delay under the statute because defendant did not demand an early trial on the pending charge as allowed by ORS 135.760. We conclude that the incarceration delay is attributable to the state but is otherwise reasonable under ORS 135.747. After considering that delay, as well as the other delays attributable to the state, we conclude that defendant was brought to trial within a reasonable period of time under ORS 135.747 and, accordingly, affirm.

The pertinent facts are not disputed. On September 18, 2006, an information was filed charging defendant with misdemeanor driving under the influence of intoxicants. The trial was set for October 30, 2006. Between October 20, 2006 and February 14, 2007, the trial date was postponed six times—twice at the request of defendant, once on the state's motion, and three times on the trial court's own motion. Two of the court-initiated setovers occurred because of scheduling conflicts by defense counsel. Defendant failed to appear at a pretrial conference on February 23, 2007, and the court issued a bench warrant for his arrest and cancelled the March 6 trial date. Defendant was arrested, released, and ordered to appear for a May 7 hearing. When defendant failed to appear on that date, another bench warrant issued.

Defendant was arrested on the failure-to-appear warrant by Clackamas County sheriff's deputies on September 16, 2008, more than 16 months after the warrant issued. Following an October 1 hearing, defendant's probation on an unrelated charge was revoked by the Clackamas County Circuit Court, and defendant was sentenced to 36 months in prison. On October 3, 2008, defendant was transferred to the custody of the Department of Corrections.

Multnomah County lodged a detainer with the state on that date.

On July 8, 2009, the Multnomah County Circuit Court received a speedy trial demand from defendant under ORS 135.760.[1] A trial was scheduled and then rescheduled for September 22, 2009. On that date, the court heard and denied defendant's motion to dismiss for lack of a speedy trial, after which defendant entered a conditional plea of no contest.

Before detailing the specific contentions of the parties and the trial court's ruling, we note the text of the relevant statutes and the rules that have evolved regarding the manner of their application. ORS 135.747 provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

ORS 135.747 is sometimes applied in tandem with ORS 135.750, which provides, in part:

---

[1] ORS 135.760(1) provides:

"Any inmate in the custody of the Department of Corrections * * * against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith."

ORS 135.763 requires a trial within 90 days of the date of receipt of notice under ORS 135.760, and ORS 135.765 requires dismissal of the criminal proceeding, with certain exceptions, if the inmate is "not brought to trial in accordance with ORS 135.763."

ORS 135.760 is one of four statutes allowing a dismissal of pending criminal charges for failure to prosecute in a timely manner. *See* ORS 135.745 (requiring dismissal of prosecution "unless good cause to the contrary is shown" where a defendant is "held to answer for a crime" and an information or indictment is not filed within 30 days); ORS 135.747 (allowing dismissal of charge if a defendant is "not brought to trial within a reasonable period of time"); ORS 135.775 - 135.793 (codification of Interstate Agreement on Detainers; Article III requirement of trial within 180 days when a prisoner in a party state has "any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner" and the prisoner requests a final disposition; Article V requirement that, if the prisoner is not brought to trial as provided in Article III, the accusatory instrument be dismissed "with prejudice").

"If the defendant is not proceeded against or tried, as provided in ORS 135.745 and 135.747, and sufficient reason therefor is shown, the court may order the action to be continued * * *."

Pursuant to ORS 135.753(2), the dismissal of a charge under ORS 135.747 "is a bar to another prosecution for the same crime if the crime is a Class B or C misdemeanor; but it is not a bar if the crime charged is a Class A misdemeanor or a felony."[2]

The Supreme Court construed ORS 135.747 and ORS 135.750 in three related decisions: *State v. Johnson*, 339 Or 69, 116 P3d 879 (2005); *State v. Davids*, 339 Or 96, 116 P3d 894 (2005); and *State v. Adams*, 339 Or 104, 116 P3d 898 (2005). We synthesized this trilogy of cases in *State v. Garcia/Jackson*, 207 Or App 438, 142 P3d 501 (2006), as follows:

"In those cases, the court explained that ORS 135.747 and ORS 135.750, when read together, establish the following process for considering a motion to dismiss based on statutory speedy trial grounds. First, under ORS 135.747, the court must determine the total amount of delay and subtract from that total any periods of delay that the defendant requested or consented to. Then, if the state has taken longer than ordinarily expected to bring the defendant to trial, and again applying ORS 135.747, the court must determine if the length of the remaining delay was unreasonable by examining all the attendant circumstances. The attendant circumstances include circumstances that cause delay (that is, the reasons for delay), and an assessment of those circumstances generally will drive the determination of whether the delay was reasonable. Finally, even if the court has determined that the delay was unreasonable, under ORS 135.750, the court may still allow the case to proceed, but only if the state shows sufficient reason not to dismiss the accusatory instrument."

*Id.* at 443-44 (citations and internal quotation marks omitted).

---

[2] The DUII charge against defendant was a Class A misdemeanor. ORS 813.010(4) (classifying offense as Class A misdemeanor unless chargeable as a felony because of prior DUII-type convictions).

We have described the unconsented period of delay as one that is "attributable to the state." *State v. Spicer*, 222 Or App 215, 221, 193 P3d 62 (2008). As explained in *Spicer*,

> "the issue under ORS 135.747 is not whether the state caused a delay but whether the trial was 'postponed upon the application of the defendant or by the consent of the defendant.' If the defendant did not apply for or consent to a delay, that delay is part of the period included in the statutory calculation of reasonableness. Although cases under ORS 135.747 often describe a delay as 'attributable to the state,' that phrase is simply a shorthand way of saying that the delay was not one for which the defendant applied or to which the defendant consented."

222 Or App at 221.

Both this court and the Supreme Court have concluded that a defendant's request for or consent to a delay under ORS 135.747 must result from an action, rather than inaction, by a defendant. Thus, in *Adams*, the Supreme Court determined that a defendant's failure to object to a trial setover "conveys no message that the defendant either joins in the motion or waives any rights that he has that are affected by the motion." 339 Or at 109. In *State v. Glushko/ Little*, 351 Or 297, 266 P3d 50 (2011), the Supreme Court reiterated the requirement that a defendant's request for or consent to a trial delay under ORS 135.747 be explicit. As we recently observed in *State v. Stephens*, 252 Or App 400, 409, 287 P3d 1181(2012):

> "In *Glushko/Little*, the Supreme Court rejected the construction of the word 'consent' in ORS 135.747 that this court had adopted in *State v. Gill*, 192 Or App 164, 84 P3d 825 (2004) and *State v. Kirsch*, 162 Or App 392, 987 P2d 556 (1999). Based on the text, context, and historical origins of ORS 135.747, the court held that
>
> > "'a defendant gives "consent" to a delay only when the defendant expressly agrees to a postponement requested by the state or the court. Returning to the facts of this case, it is clear that the delays at issue were not a product of postponements that [the] defendants requested or postponements that the state or the court requested and to which [the] defendants agreed.'
>
> "*Glushko/Little*, 351 Or at 315."

(Brackets in *Stephens*.)

Again, once the delay attributable to the state is determined, it is assessed to see if the delay is reasonable. We explained in *State v. Davis*, 236 Or App 99, 109-10, 237 P3d 835 (2010), that

"[t]he determination of whether a delay is reasonable in light of the attendant circumstances 'requires courts to weigh several factors, including the reasons for the delay, the length of the total delay attributable to the state, and the length of any portion of the delay that was unjustified.' [*State v.*] *Myers*, 225 Or App [666, 674, 202 P3d 238, *rev den*, 346 Or 184 (2009)]. Moreover, 'the acceptability of the total delay in a case is influenced by the extent to which it is justified. The longer the total delay is, the shorter any unjustified portion may be.' *Id.* at 677. At some point, even if the individual delays in the prosecution of a case are justified, the total length of the delay becomes unreasonable. *State v. Adams*, 339 Or at 111-12 (total delay attributable to state of 23 months unreasonable even though caused by lack of judicial resources). 'The point at which [a justified delay becomes unreasonable] varies depending on the strength of the reasons for the delay.' *Myers*, 225 Or App at 676 n 9 (contrasting cases of very lengthy delays found to be reasonable under ORS 135.747). We have noted that '[d]elays due to discovery violations or the convenience of prosecutors weigh more heavily in the balance than do delays necessitated, for example, by unforeseen illness of witnesses or unavoidable docket congestion.' [*State v.*] *Allen*, 234 Or App [243, 256, 227 P3d 219 (2010)]."

(Fourth and fifth brackets in *Davis*.)

State-attributed delays that are caused by a defendant are assessed as reasonable under ORS 135.747. In *Glushko/Little*, both defendants failed to appear for scheduled pretrial hearings, resulting in long delays in the scheduling of their trials. After concluding that the failures to appear were not "consent[s]" to delay under ORS 135.747, 351 Or at 315, the court found that "the delays were nonetheless reasonable," reasoning that a defendant should not obtain a dismissal of charges when the delay is caused by his or her conduct. 351 Or at 317. Relying upon *Glushko/ Little*, we have classified delays caused by a defendant as reasonable delays. *See, e.g., State v. Gonzales-Sanchez*, 251

Or App 118, 282 P3d 19 (2012) (failure to initiate conclusion of diversion program); *State v. Turner*, 252 Or App 415, 287 P3d 1206 (2012) (failure to keep court informed of mailing address).

With those principles in mind, we turn to the contentions of the parties below, the trial court's ruling, and the issues on appeal. In support of his motion to dismiss, defendant argued that "some of the delay is attributable to Defendant, and some is not[,]" but that the delay caused by the failure of the state to prosecute the case between defendant's arrest on September 16, 2008, and his September 22, 2009, trial date was unreasonable. The state argued that about 20 months of the delay between the information and the trial were attributable to defendant, that around 16 months should be charged to the state (including the 10 months of delay while defendant was in state prison after his arrest and before his speedy trial demand), and that the 16-month delay was reasonable under the attendant circumstances. After first determining that, during the 10-month period when defendant "ha[d] the ability to demand processing on this case *** [and] had the right to do what he, in fact, did in July[,]" the trial court concluded that the 10 months of incarceration were attributable to defendant, that the resulting six-month period of state delay was reasonable, and that the statute was not violated.

On appeal, notwithstanding the trial court's calculation, the parties agree that 20 months of the delay are attributable to defendant.[3] We agree that the 20-month period of time is either attributable to defendant or is otherwise reasonable.

With regard to the remaining 16-month period, the parties differ on whether six of those months are attributable solely to the state (with the state contending that only five months of that time are on its side of the ledger). We assume for the purposes of this opinion that the state is accountable for six months of the delay for portions of the times between September 18, 2006 (filing of the information), and May 7,

_____

[3] Without expressing any opinion regarding the correctness of the parties' agreement, we observe that that delay is not material to the reasonableness evaluation in this case.

2007 (defendant's second failure to appear), and between July 8, 2009 (speedy trial demand), and September 22, 2009 (trial date). That assumption is generally consistent with the representations of the parties below, and a determination that the state is accountable for only five months would not affect the result reached in this case.

Thus, as framed by the parties, the issue pertains to the remaining 10 months—the classification of the period between defendant's arrest on September 16, 2008, for failure to appear (or, alternatively, his imprisonment on October 3, 2008, on the Clackamas County charges) and his speedy trial demand under ORS 135.760 on July 8, 2009. Defendant contends that that period, as well as the remaining six months of delay attributable to the state, is unexplained, that the resulting 16-months unexplained state delay is unreasonable for a misdemeanor DUII under ORS 135.747, and that, accordingly, the trial court erred in not dismissing the case. Defendant relies upon cases in which we have treated a 15-month period as the rough boundary of reasonableness for misdemeanor cases. *See, e.g.*, *State v. Davids*, 193 Or App 178, 183, 90 P3d 1 (2004), *aff'd*, 339 Or 96, 116 P3d 894 (2005) (noting that "the courts generally have concluded that state-caused delays to which a defendant has not consented of 15 months or more are generally unreasonable"); *see also State v. Peterson*, 252 Or App 424, 432-34, 287 P3d 1243 (2012) (listing decisions requiring ORS 135.747 dismissal of misdemeanors where the cumulative period of delay attributable to the state exceeded 15 months and where a significant part of the delay was found to be unreasonable). The state counters that only six months of delay are attributable to it and that that period of delay is explained and reasonable. Alternatively, the state argues that a 16-month delay is explained and reasonable under the circumstances of this case.

We conclude that the nine-month period between defendant's incarceration on the Clackamas County criminal charges and his speedy trial demand under ORS 135.760 is attributable to the state but is a reasonable delay as a matter of law, that the remaining periods of delay attributable to the state are also reasonable because they

were explained and justified by the state or were caused by defendant, and that the trial court did not err in failing to dismiss the charges under ORS 135.747.

The delay during the period of time when defendant was incarcerated with the Department of Corrections and which commenced at a time when he was represented by counsel is deemed to have been caused by defendant for purposes of ORS 135.747. That conclusion follows from a series of cases that we summarized in *State v. Ayers*, 203 Or App 683, 126 P3d 1241, *modified on recons*, 207 Or App 668, 143 P3d 251, *rev den*, 342 Or 253 (2006). In *Ayers*, the issue was whether the defendant had been denied a speedy trial because of delays occasioned by his incarceration in Washington for crimes committed in that state. We concluded that a defendant's failure to demand trial under the Interstate Agreement on Detainers, ORS 135.775, could operate to waive speedy trial rights under ORS 135.747. We analogized to cases where a defendant's failure to demand trial under ORS 135.760 had that same effect, noting that,

> "[i]n a series of related cases, the Oregon Supreme Court and our court have held that an inmate defendant's failure to make a speedy trial request under ORS 135.760 (or its antecedent), effectively 'waived' the defendant's protections under ORS 135.747 (or its antecedent). *See State v. Vawter*, 236 Or 85, 87-89, 386 P2d 915 (1963); *Bevel v. Gladden*, 232 Or 578, 376 P2d 117 (1962); *State v. Downing*, 4 Or App 269, 478 P2d 420 (1970)."

203 Or App at 696. Relying on *Downing*, we surmised that the failure to demand a speedy trial must be "knowing[]" in order to constitute a waiver. *Id.* at 700; *see also State v. McFarland*, 247 Or App 481, 269 P3d 106 (2011) (no *Vawter* waiver of speedy trial rights under ORS 135.760 unless the incarcerated defendant has notice of the pending charge). We ultimately concluded in *Ayers* that, "[b]y logical and contextual extension, the same principle should govern the relationship between the trial demand provisions of the IAD and ORS 135.747." 203 Or App at 700.

As noted, *Adams* and *Glushko/Little* require that a defendant's consent under ORS 135.747 be explicit and not inferred. We need not decide whether a defendant's

knowing failure to demand trial under ORS 135.760 results in a consented delay under ORS 135.747 in that regard. Any such failure to demand a speedy trial under ORS 135.760 nonetheless results in a delay that is caused by the defendant. Under *Glushko/Little*, that delay is attributable to the state, but is otherwise classified as reasonable for purposes of ORS 135.747.

We conclude that defendant knowingly failed to demand a speedy trial under ORS 135.760 for the nine-month period between October 3, 2008 and July 8, 2009. Defendant was aware of the pending Multnomah County charge at the time of his imprisonment in October 2008. He had twice failed to appear on that charge and was arrested on a warrant for the latter failure to appear. Defendant was represented by counsel in connection with the Clackamas County probation revocation, and the pending criminal charge in Multnomah County would be relevant to the disposition reached after the probation was revoked. Defendant ultimately did demand a speedy trial under ORS 135.760. His failure to do so earlier was an informed choice.

Thus, the pretrial delay for that period of time was reasonable under ORS 135.747. The remaining seven months of scheduling delays caused by the state were also reasonable because they were not "of such a duration as to fall outside the norm of acceptable court scheduling practices." *Turner*, 252 Or App at 422 (applying that standard to delays under ORS 135.747); *see also Allen*, 205 Or App at 228 (unconsented delays reasonable where they were "the product of the type of scheduling issues that courts and litigants face regularly—[including] delays due to scheduling conflicts by the courts and counsel [and] the unavailability of witnesses"). It follows that the trial court did not err in failing to dismiss the charge under ORS 135.747.

Affirmed.