STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

IRINA ANATOLY BARANOVICH,
aka Irina Alexandra,
aka Irina A. Barnaovich,
*Defendant-Appellant.*

Multnomah County Circuit Court
081153907; A145579

295 P3d 58

Joshua B. Crowther, Chief Deputy Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Brewer, Judge, and Ortega, Judge.*

SERCOMBE, P. J.

---

* Ortega, J., *vice* Wollheim, J.

**SERCOMBE, P. J.**

Defendant was convicted of theft in the second degree, ORS 164.045, and appeals the trial court's denial of her motion to dismiss the case on statutory speedy trial grounds under ORS 135.747. Defendant was brought to trial on the charge approximately 17 months after issuance of the accusatory instrument. For 10 of those 17 months, defendant was incarcerated in state prison after having been convicted on other charges in another county. Relying on *State v. Bircher*, 253 Or App 382, 290 P3d 841 (2012), we conclude that, because defendant knowingly failed to demand an early trial under ORS 135.760(1) while she was incarcerated, that 10-month delay—although attributable to the state—was otherwise reasonable under ORS 135.747. We further conclude that the remaining delays attributable to the state were also reasonable and, accordingly, affirm the trial court's denial of defendant's motion to dismiss.

We begin with the relevant procedural facts. Defendant was arrested on October 16, 2008, for shoplifting items from a department store. On November 12, 2008, the Multnomah County District Attorney filed an information accusing defendant of theft in the second degree (the theft case). Following her arraignment, a trial was set for January 21, 2009. However, defendant failed to appear for a January 9, 2009, pretrial conference, and a bench warrant issued for her arrest.

The theft case was only one part of defendant's engagement with the criminal justice system. During that same period of time, defendant was arrested and prosecuted in two unrelated criminal cases in Clackamas County. On December 30, 2008, defendant was arraigned for burglary in the first degree and related charges arising from conduct that occurred on December 5, 2008 (the burglary case). Defendant was also arraigned on February 2, 2009, for assault in the second degree as a result of an incident that had occurred the previous day (the assault case).

After her arrest in the assault case, defendant was confined in the Clackamas County Jail. Multnomah County lodged a detainer on that confinement because of the pending charges in the theft case. Defendant remained in jail until

after her April 2, 2009, trial and conviction in the assault case. Following that conviction, defendant was sentenced to 36 months in prison. On April 8, she was transferred from the jail to the Coffee Creek Correctional Facility (Coffee Creek) to begin serving that sentence. Multnomah County again lodged a detainer on defendant's confinement.

On March 26, 2009, while still in jail awaiting trial on the assault charge, defendant filed a speedy trial demand under ORS 135.760(1) in the burglary case.[1] She obtained a quick trial. On April 30, 2009, she was tried and convicted on the burglary and related charges and was sentenced to 20 months in prison.

On January 26, 2010, while still confined at Coffee Creek, defendant submitted an ORS 135.760(1) speedy trial demand in the theft case. On April 21, 2010, prior to the commencement of trial, defendant moved to dismiss the information on the theft charge under ORS 135.747 because of a claimed unreasonable delay in its prosecution.[2] That statute provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

Defendant argued that the 17-month period of time between the filing of the information and the trial was unreasonable and that most of the delay was attributable

---

[1] ORS 135.760(1) provides:

"Any inmate in the custody of the Department of Corrections or of the supervisory authority of a county pursuant to a commitment under ORS 137.124(2) against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith."

In addition, ORS 135.763 requires a trial within 90 days of the date of receipt of notice under ORS 135.760, and ORS 135.765 requires dismissal of the criminal proceeding, with certain exceptions, if the inmate is "not brought to trial in accordance with ORS 135.763."

[2] Defendant also moved for a dismissal because of a purported denial of her right to a speedy trial under both the state and federal constitutions. The trial court denied those bases for relief, and defendant does not pursue them on appeal.

to the state. The state responded that defendant impliedly consented to the delay between her failure to appear for the pretrial conference on January 9, 2009, and her speedy trial demand on January 26, 2010, and that the remaining four and one-half months of delay was reasonable. The state contended that defendant's implicit consent was shown by her knowing failure to demand a speedy trial under ORS 135.760(1):

"[PROSECUTOR]:  * * * I mean, she certainly withdrew that consent in letter form to us [with] regard[ ] to this case on January 26th of 2010. She knew how to do that. She proved she knew how to do that because counsel offered up that she knew how to do that in a different county. And so from our perspective she consented to this delay and then rescinded that consent.

"THE COURT: So the burden shifts under the constitution and the statutes? The burden shifts to the defendant? She's sophisticated. She's got to say, 'Hey, give me a trial,' and there's kind of a waiver that goes on until she does that?

"[PROSECUTOR]:  Well, she was sophisticated enough, and she [had the] help of attorneys apparently in the other counties, to do that for her other charges and was brought back, and she didn't do it in our case."

Still later, and before announcing its ruling on the motion, the trial court observed:

"THE COURT:  * * * And I'm seeking guidance here because, while [I] for about 40 years or longer have dealt with some of these issues * * * it all requires a lot of precision. Now, it's a fairly common situation in this state and in other states to have one jurisdiction, like Clackamas County, take somebody into custody, and they have the person and they have the right to pursue their prosecution, and then people go to state prison, and it's fairly typical that there are charge—criminal charges in other counties.

"And it is my understanding—you maybe can correct me, but my understanding of the usual procedure is that there needs to be a—the inmate in state prison custody needs to do a demand for speedy trial. And that's what then triggers all of the steps in the—other counties."

Defendant responded that, "once someone's in custody, there's no implied consent to delay." The trial court ultimately ruled that defendant implicitly consented to most of the delay by her failure to appear, that the consent continued until it was "revoked * * * when the defendant at Coffee Creek Prison demanded a speedy trial[,]" and that "there [was] no entitlement to dismissal for delay and lack of speedy trial." Following a jury trial, defendant was convicted of the theft charge and sentenced to a 30-day jail sentence concurrent with the sentences then being served on the other convictions.

On appeal, the parties reprise their contentions about whether the delay between the failure to appear and the speedy trial demand was consensual for purposes of ORS 135.747. Under the terms of the statute, any delay in the scheduling of a trial that is "by the consent of the defendant" is not included in the period of time assessed for reasonableness. We explained in *State v. Garcia/Jackson*, 207 Or App 438, 443-44, 142 P3d 501 (2006):

> "ORS 135.747 and ORS 135.750, when read together, establish the following process for considering a motion to dismiss based on statutory speedy trial grounds. First, under ORS 135.747, the court must determine the total amount of delay and subtract from that total any periods of delay that the defendant requested or consented to. Then, if the state has taken longer than ordinarily expected to bring the defendant to trial, and again applying ORS 135.747, the court must determine if the length of the remaining delay was unreasonable by examining all the attendant circumstances. The attendant circumstances include circumstances that cause delay (that is, the reasons for delay), and an assessment of those circumstances generally will drive the determination of whether the delay was reasonable. Finally, even if the court has determined that the delay was unreasonable, under ORS 135.750, the court may still allow the case to proceed, but only if the state shows sufficient reason not to dismiss the accusatory instrument."

(Citations, internal quotation marks, and brackets omitted.)

Defendant contends that (1) any request or consent to a delay by a defendant under ORS 135.747 must be explicit and not implicit and that, accordingly, (2) the trial

court erred in treating the delay caused by her failure to appear and failure to demand trial under ORS 135.760 as consensual and attributable to her rather than to the state. Defendant is correct. We earlier treated failure to appear for charges and subsequent inaction by a defendant as constituting implicit consent to delay under ORS 135.747. *See State v. Kirsch*, 162 Or App 392, 397, 987 P2d 556 (1999) (holding that consent to delay under ORS 135.747 "does not require express consent and that [the] defendant's failure to appear and his subsequent inaction constituted consent to the delay at issue"); *State v. Gill*, 192 Or App 164, 169, 84 P3d 825, *rev den*, 337 Or 282 (2004) (same). However, in *State v. Glushko/Little*, 351 Or 297, 315, 266 P3d 50 (2011), decided after the trial court's ruling in this case, the Supreme Court held that "a defendant gives 'consent' to a delay only when the defendant expressly agrees to a postponement requested by the state or the court." We then concluded in *State v. Stephens*, 252 Or App 400, 409, 287 P3d 1181 (2012), that *Glushko/Little* abrogated the construction of "consent" in ORS 135.747 that we had adopted in *Kirsch* and *Gill*.

However, instead of classifying a defendant-caused delay as consensual under ORS 135.747 and excluded from the period of time assessed for reasonableness under the statute, *Glushko/Little* classified that type of delay as reasonable. We observed in *Bircher*, 253 Or App at 387-88:

"In *Glushko/Little*, both defendants failed to appear for scheduled pretrial hearings, resulting in long delays in the scheduling of their trials. After concluding that the failures to appear were not 'consent[s]' to delay under ORS 135.747, 351 Or at 315, the court found that 'the delays were nonetheless reasonable,' reasoning that a defendant should not obtain a dismissal of charges when the delay is caused by his or her conduct. 351 Or at 317. Relying upon *Glushko/Little*, we have classified delays caused by a defendant as reasonable delays. *See, e.g., State v. Gonzales-Sanchez*, 251 Or App 118, 282 P3d 19 (2012) (failure to initiate conclusion of diversion program); *State v. Turner*, 252 Or App 415, [287 P3d 1206] (2012) (failure to keep court informed of mailing address)."

(First brackets in *Bircher*.)

Thus, the question becomes whether the trial court's ruling on defendant's motion to dismiss should be affirmed on that basis—*i.e.*, because much of the delay was caused by defendant and was reasonable, even if it was not consensual. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (allowing affirmance of trial court ruling on an alternative basis if that reasoning is supported by a record that is materially the same as it would have been had the argument been raised below). The trial court actually considered the late timing of defendant's speedy trial request, and the record included evidence that the timing was intentional on defendant's part. It is appropriate, then, to evaluate the delay under the *Glushko / Little* standard for defendant-caused delay. We conclude that the delay between defendant's failure to appear on January 9, 2009, and her January 26, 2010, speedy trial demand was caused by defendant and was reasonable under ORS 135.747 and that the remaining four and one-half months of delay was either reasonable or consented to by defendant.

We determined in *Bircher* that, when a defendant who is incarcerated on other charges knowingly fails to demand a speedy trial under ORS 135.760, the prosecution delay during that incarceration "is deemed to have been caused by [the] defendant for purposes of ORS 135.747." *Bircher*, 253 Or App at 390. We reached that conclusion based on a series of cases decided by this court and the Supreme Court and summarized those cases in *State v. Ayers*, 203 Or App 683, 696-700, 126 P3d 1241, *modified on recons*, 207 Or App 668, 143 P3d 251, *rev den*, 342 Or 253 (2006). In *Ayers*, we held that "an inmate defendant's failure to make a speedy trial request under ORS 135.760 (or its antecedent), effectively 'waived' the defendant's protections under ORS 135.747 (or its antecedent)." *Id.* at 696.

That holding applies here. Defendant failed to appear for a January 9, 2009, pretrial conference and was then confined in the Clackamas County Jail following her arrest in the assault case on February 1, 2009. Defendant caused the delay in prosecution between January 9, 2009 and her February 1, 2009, arrest by placing herself beyond the control of Multnomah County. That three-week delay

is reasonable under *Glushko / Little*. After defendant's confinement, she failed to demand a speedy trial under ORS 135.760 until January 26, 2010. Defendant knew of her ability to make a demand under ORS 135.760; she asked for a speedy trial under ORS 135.760 in the burglary case on March 26, 2009, shortly after her confinement. Under *Bircher*, the period of time between February 1, 2009 and January 26, 2010, is deemed to be reasonable under ORS 135.747. The remaining four and one-half month period of time included delays to which defendant consented or which were reasonable because they were not "of such a duration as to fall outside the norm of acceptable court scheduling practices." *Turner*, 252 Or App at 422 (applying that standard to delays under ORS 135.747). Accordingly, the trial court did not err in failing to dismiss the charge under ORS 135.747.

Affirmed.